Robert Watson aka Robert William
Watson as heir, devisee, distributee,
Distributee of the Estate of Evelyn Watson
℅ 1827 Adam Clayton Powell Jr. Blvd.
PRO-SE LEGAL SCHOOL
Private Apt 1A=RW MARKETING LLC
New York, New York 10026
Dated:





**IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEW YORK**

---

ROBERT WATSON AKA ROBERT WILLIAM
WATSON AS HEIR, DEVISEE, DISTRIBUTEE OF
THE ESTATE OF EVELYN WATSON,

                    Plaintiff,

-against-

JUDGE LAURA TAYLOR SWAIN; JUDGE RYAN;
PROSECUTOR BENJAMIN H. TORRANCE;
STATE OF NEW YORK; JUDGE SANDERS,
STATE OF MARYLAND FOR CALVERT COUNTY;
MATTHEW W. DALOISIO, SUPERVISING
ATTORNEY-ARRAIGNMENT; JUDGE MORELL;
JUDGE JAY WIENER; NEW YORK
CRIMINAL COURT; LOUIS L. STANTON,
United States District Judge; TAMMI M. HELLWIG,
Clerk of Court, Deputy Clerk,

                    Defendant,

Request for Hearing: In Common
Law Court of Equity



---

**DEMAND FOR 3.5 MILLION IN SANCTION PURSUANT TO RULE 11. CRIMINAL
STATUES ARE MISSING THE THREE ELEMENTS NEEDED TO BE VALID LAWS.
AND THE JUDGE HAS A CONFLICT OF INTEREST IN THIS CASE.**

["Cuiusque Rei Pars"][The Principle part of Everything Is In The Beginning]

Comes Now Robert William Watson Jr., hereby enters my appearance as a State citizen appearing before the court representing myself in "in Propia Persona" (I'm my own person) or "pro-per" which Qualified me as an attorney in fact, according to "Black's Law Dictionary". Asserting my Sovereign Right to represent myself in legal matters establishes my status as my own attorney. To proceed in Pro Per means that the court cannot impose the same standard upon me as is imposed on a licensed attorney. The defendant moves this court to grant his motion for 3.5 in sanctions and states: the B.A.R. members are expected to perform a reasonable "Pre-filing investigation." Rule 11 states in part that attorneys must not file suit without evidentiary support for the allegations contained in the complaint. This court has no criminal jurisdiction.

### This Court Has No Criminal Jurisdiction:

The STATE OF NEW YORK cannot be an injured party. Acts committed within the state of New York, whether for good or bad purposes, or whether with honest or criminal intent, cannot be an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States see; United States v. Fox, 95, U.S. 679, 672, (1877). The courts of the United States, merely see; United States v. Flores, 289, U.S. by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatever. The criminal jurisdiction is the United States is Wholly derived from the statutes of the United States see: Manchester v. Massachusetts, 139, U.S 240, 262, (1980); United States v. Flores, 289, U.S. 137, 151 (1932). Acts of Congress, as well as the

Constitution must generally unite to give jurisdiction to a particular court, See; U.S. v. Bedford, 27 Fed. Cas. page 91, 103, Case No. 15, 867, (1847).

### Prosecutor's Cannot Testify:

Statements of counsel in brief or augment are never facts before the court. No attorney can state a fact before the court. This was more than adequately pointed out in 2000 when thousands of Florida ballots were taken before the U.S. Supreme Court, without even so much as one competent fact witness. Without a witness the court could not see the ballots, the ballots were not before the court, and the ballots could be introduced as evidence.

Before any determination, there must be a court of complete or competent jurisdiction.

- There must be two parties with the capacity to be there.
- There must be subject matter jurisdiction.
- Appearance or testimony of a competent fact witness.

Without jurisdiction, complete jurisdiction, no court can issue a judgement that isn't void, a nullity, without force or effect, on its face, and in fact.

**Prosecutor's Do Not Have A License To Practice Law:**

Lawyers and attorneys are NOT licensed to practice law the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353, U.S. 238, 239).

**The Court Had No Civil Jurisdiction;**

The court lacked jurisdiction to get involved in the case as there was no injured party, and the criminal status is not a valid law. The criminal statutes do not have an enacting clause, a title, or a body. This action was filed with a defective affidavit, and no witness was ever entered into the court record. The prosecutor who signed the affidavit did not have first-hand knowledge of an injured party.

The state's day-to-day criminal procedures violated the plaintiffs to due process because the procedures were not fair. This merciless affidavit is obstructing the administration of justice in this case, and a reasonable pre-filling investigation would uncovered the fatal flaws listed here that prevented the court from having jurisdiction to heat the dispute.

## The Judge Has A Conflict Of Interest

The judge has a conflict of interest in hearing any cases that involve the government, or government agents, or B.A.R. members due to the fact the judge is paid by the government.

## Attorneys Cannot Testify

Statements of counsel in brief or in augment are never facts before the court. No attorney can state a fact before the court. This was more adequately pointed out in 2000 when thousands of Florida ballots were taken before the U.S. Supreme Court, without even so much as one competent fact witness. Without a witness the court could not see the ballots, the ballots were not before the court, and the ballots could not be introduced as evidence.

Before any determination, there must be a court of complete or competent jurisdiction.

- There must be two parties with the capacity to be there.
- There must be subject matter jurisdiction.
- Appearance or testimony of a competent fact witness.

Without jurisdiction, complete jurisdiction, no court can issue a judgement that isn't void, a nullity, without force or effect, on its face, and in fact.

Lawyers and attorneys are NOT licensed to practice law the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by the state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

## Pre-filing Investigation

Rule 11 states in part that attorneys must not file suit without evidentiary support for the allegations contained in the complaint. Put simply, Rule 11 requires an attorney to "stop, think, and investigate" before filing a paper with the court. This requires an attorney to make an objectively reasonable inquiry into the facts and law prior to filing and not to pursue an action that is not objectively reasonable based on facts. Both prongs are highly fact-dependent, with broad discretion reserved for the trail court. In some, jurisdictions, reasonable inquiry into the facts is a threshold requirement that first examines whether the pre-filing investigation was unreasonable based on the circumstances - in which case sanctions should be imposed - rather than whether there was a reasonable belief that the facts supported the allegations. See Chandler v. Nw. Bank Minn., Nat'l Ass' n, 137, F.d 3d. 1053, 1057 (10th Cir. 1998) (imposing sanctions when attorney failed to conduct a reasonable inquiry, despite the allegations was based on fact); Henry v. Farmer City State Bank, 127 F.R.D. 154 (C.D. III. 1989) (imposing sanctions when claim was not well grounded in law, despite being adequately investigated). In these jurisdictions, only after it is determined that an initial investigation was reasonable, the focus then shifts to whether there is any factual support for the allegations. **Thus, sanctions would be appropriate only if either the prefiling investigation was reasonable or the pre-filing**

**investigation was reasonable but the claims are baseless.** By contrast, other jurisdictions, such as the court in In re Keegan Management Co., Securities Litigation, 78 F. #d 431, 434,-35 (9th Cir. 1996), treat the conditions as disjunctive such that sanctions would not be appropriate so long as there was either a reasonable pre-filing investigation or reasonable factual support for the allegations. In other words, sanctions are appropriate only when the pre-filing investigation is unreasonable, and the allegations are baseless.

## Reasonable Inquiry

There are several factors a district court must consider in determining whether an investigation was reasonable.

1. The time available for investigation.
2. The extent of the attorney's reliance on the client for factual support for the document.
3. The feasibility of a pre-filing investigation.
4. Whether the signing attorney accepted the case from another member of the bar or forwarding attorney.

5. The complexity of the factual and legal issues; and the exent to which the development of the factual circumstances underlying the claim requires discovery. The court considers the totality of the facts based on the circumstances; no one fact is dispositive or greater weight than another. Attorneys are mandated to interview the client in detail' review available documents (i.e., for the initial complaint, those within the client's possession or that are publicly available; and for subsequent filings, what has been produced through discovery); interview witness

identified by the client; and when necessary, consult an expert (especially if the case is legally or factually complex). **If an attorney fails to review relevant documents in the public record or available to the client, or if an attorney fails to interview witnesses, courts may sanction the attorney.** Generally, where a pre-filing investigation other than conversations with a client could objectively establish whether a claim is well grounded in fact, failure to do such research may result in sanctions. Discovery may also result in the need to further corroborate what a client has said. For Example, in Childs v. State Farm Mutual Automobile Insurance Co., 29 F.3d 1081 (5th Cir. 1994), the court found the plaintiff's attorney had conducted a reasonable investigation before filing an action against the insurance company on behalf of his client, who had been involved in a hit-and-run accident. The insurance company presented substantial evidence that the accident had been staged. **The plaintiff's attorney then failed to conduct any discovery of his own into the company's allegations. That failure to investigate or withdraw the claim led the district court to impose sanctions.** The Fifth Circuit affirmed; We must agree that this inquiry was deficient, never did the attorney for the bank conduct any affirmative discovery to test the veracity of the evidence developed by the bank. Lastly, he never hired his own experts to investigate the bank's claims. In light, of the compelling evidence of fraud in this, case the bank's attorney's inquiry cannot be said to be reasonable. 29 F.3d at 1025. Thus, in most cases, a reasonable inquiry includes going beyond the client's story to corroborate with documents, witnesses, or experts' testimony. It was recognized in Nassau-Suffolk Ice Cream, Inc.. v. Integrated Res., Inc., F.D.R. 684, 689, (S.D.N.Y. 1987), "when attorney can obtain the information necessary to certify the validity of the claim in a public fashion and need not rely solely on the client, he must do so."

## Allegations Based in Fact

The standard for determining whether a pleading is well grounded in fact for Rule 11 purposes is, according to Hillsborough County v. A & E Road Oiling Service, Inc., 160 F.R.D. 665, 659 (M.D. Fla. 1995), "objectively reasonable under the circumstances." A filing meets this requirement if there is some evidentiary basis for the position taken at the time the pleading is signed. Even if the factual assertions is in a paper are later disproven or insufficient to survive a summary judgement motion, the paper is not sanctionable. Whether or not there is factual support can shift as parties learn new information. Thus, the attorney has a continuing obligation to ensure that the allegations are not baseless each time he or she files a paper with the court.

**An attorney will be subjected to sanctions if he or she continues to assert baseless allegations after learning of the facts or legal precedent that undermined them.** For example, in Mercury Air Group, Inc. v. Mansour, 237, F.3d 542, 549 (5th Cir. 2001), the Fifth Circuit affirmed sanctions in the form of reasonable attoney fees and expenses against an attorney who conducted 150 hours of investigation prior to filing suit but who continued to pursue the claim even after learning that claim was baseless.

## Summary

Sanctions would be appropriate if either the pre-filing investigation was unreasonable or the pre-filing investigation was reasonable, but the claims were baseless. The attorneys conspired

with the state and the judge to commit real estate deed fraud and illegally foreclosure on private property. This attorney in this case lied on the complaint to deceive the court into thinking it had jurisdiction. This attorney failed review relevant documents in the public record or available to the client whereby sanction should be granted. The attorney failed to file the original contract with the court whereby the Court Lacked Jurisdiction to render judgement on the matter. The plaintiff's attorney failed to conduct any discovery of his own into the alleged debt allegations. It was recognized in *Nassau-Suffolk Ice Cream, Inc v, Integrated Res., Inc., 114 F.D.R. 684 (S.D.N.Y. 1987)*, "when the attorney can obtain the information necessary to certify the validity of the claim in a public fashion and need not rely solely on the client, he must do so." For example, in Mercury Air Group, Inc. v. Mansour, 237 F.3d. 542, 549 (5th Cir. 2001), the fifth Circuit affirmed sanctions in the form of reasonable attorney fees and expenses against an attorney fees and expenses against an attorney who conducted 150 hours of investigation prior to failing sit but who continued to pursue the claim even after learning that claim was baseless. In this case, the attorney never asked for or reviewed the original contract that was necessary to provide the court with "Jurisdiction." That contract was never filed in the case to date whereby there is not admissible evidence on the record to prove there ever was any contract, what the terms were in the contract, or if the contract was breached. This sanction should be granted in addition to the attorney should be ordered to pay the legal expenses generated by this action.

/s/_____Dated:

Certified 9/11/2001 survivor Robert Watson VCF0104772 ROBERT WATSON-

PRO-SE LEGAL SCHOOL - Winincourtnow.com

CLAIMANT: Robert W. Watson- CLAIM NO: 445256 WTC

World Trade Center Health Program- ID #: 911S11696 Robert Watson

## Certificate of Service

On this _____,day of _____, year_____, 2025, before me the undersigned, a Notary Public in and for_____, personally appeared the above signed known to be one whose name is signed on this instrument, and has acknowledged to me that she has executed the same.

Signed_____

Print Name_____

Date_____

My Commission Expires_____

Attorney:

PRO-SE LEGAL SCHOOL -Winincourtnow.com
Robert Watson, Pro Se

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET
6/3/2025 (1)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ROBERT WATSON AKA ROBERT WILLIAM WATSON AS HEIR, DEVISEE, DISTRIBUTEE OF THE ESTATE OF ~~EVELYN WATSON~~ | JUDGE LAURA TAYLOR SWAIN, JUDGE RYAN. PROSECUTOR BENJAMIN H. TORRENCE, STATE OF ~~NEW YORK, JUDGE SANDERS~~ |

**(b)** County of Residence of First Listed Plaintiff **NEW YORK**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **NEW YORK**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RE: VCF 0104772 1827 ADAM CLAYTON POWELL JR BLVD 1A NEW YORK NY 10026

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☑ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product | | | ☐ 880 Defend Trade Secrets | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | ☑ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
310, 362, 441, 550, 555

Brief description of cause:
REQUEST FOR HEARING: IN THE COMMON LAW COURT OF EQUITY

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 3.5MILLION

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE   LOUIS L. STANTON    DOCKET NUMBER 1-25-CV-02520

25-CV2520

DATE 6/3/2025

SIGNATURE OF ATTORNEY OF RECORD
by Robert Watson Jr 911811696

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WATSON AKA ROBERT WILLIAM
WATSON AS HEIR, DEVISEE,
DISTRIBUTEE OF THE ESTATE OF
EVELYN WATSON,

                    Plaintiff,

        -against-

JUDGE LAURA TAYLOR SWAIN; JUDGE
RYAN; PROSECUTOR BENJAMIN H.
TORRANCE; STATE OF NEW YORK;
JUDGE SANDERS; STATE OF MARYLAND
FOR CALVERT COUNTY,

                    Defendants.

25-CV-2520 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff

must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to

request authorization to proceed without prepayment of fees, submit a signed IFP application.

*See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted the complaint without the filing fees or an IFP application. Within 30

days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached

IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number

25-CV-2520 (LLS). If the Court grants the IFP application, Plaintiff will be permitted to proceed

without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

```
MIME-Version:1.0
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain

Message-Id:<32851013@nysd.uscourts.gov>
Subject:Activity in Case 1:25-cv-02520-LLS Watson v. Swain et al Order Directing
 Payment of Fee or IFP Application
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.
```

U.S. District Court
Southern District of New York

Notice of Electronic Filing
The following transaction was entered  on 4/11/2025 11:09 AM EDT and filed on 4/11/2025

Case Name: Watson v. Swain et al

Case Number: 1:25-cv-02520-LLS https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?6 39392

Filer:

Document Number: 3

Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.nysd.uscourts.gov/doc1/127037321676?caseid=639392&de_seq_num=29&magic_num=MAGIC

Docket Text:
 ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION: Plaintiff is directed to render payment of the filing fee or submit an IFP application to this Court's <I> Pro Se </I> Office within thirty (30) days of the date of this Order.    Filing Fee due by 5/12/2025.  In Forma Pauperis (IFP) Application due by 5/12/2025.  (Signed by Judge Louis L. Stanton on 4/10/2025)  (Attachments:  # (1) Supplement IFP application)

 (scn)

1:25-cv-02520-LLS Notice has been electronically mailed to:

1:25-cv-02520-LLS Notice has been delivered by other means to:
Robert Watson
1827 Adam Clayton Powell Jr. Blvd.
New York,  NY 10026

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: n/a
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1008691343 [Date=4/11/2025] [FileNumber=32851012-0]
[1d0b324d45fb4a2cf803c62ed188685a4e77c0f4c2206d722115f24f3d1317c111581c6b7e4debe
eee47c816ca783f8d8283f9691cdfca7c0c755548ec8c3dc3]]

Document description: Supplement IFP application
 Original filename: n/a
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1008691343 [Date=4/11/2025] [FileNumber=32851012-1]
[b0ad0a477356320ad1da2a62c0a1652aaccc7039214354859c78362776121c90bd08437ce962ca2
f4dfb46d5e3b0ac35892f742a5530fa0187f3a68122641e4b]]

Case: 1:24-cv-6916    Document: 4

Robert W. Watson Jr.

WTCHP #911S11696
1827 Seventh Avenue
Apt. 1A
New York, NY 10026

---------------------------------------------------------



Robert Watson aka Robert William
Watson as heir, devisee, distributee,
Distributee of the Estate of Evelyn Watson
℅ 1827 Adam Clayton Powell Jr. Blvd.
PRO-SE LEGAL SCHOOL
Private Apt 1A=RW MARKETING LLC
New York, New York 10026
Dated:


**IN THE UNITED STATES FEDERAL DISTRICT COURT**
**FOR THE DISTRICT OF NEW YORK**

---

ROBERT WATSON AKA ROBERT WILLIAM
WATSON AS HEIR, DEVISEE, DISTRIBUTEE OF
THE ESTATE OF EVELYN WATSON,

                                    Plaintiff,

-against-

JUDGE LAURA TAYLOR SWAIN; JUDGE RYAN;
PROSECUTOR BENJAMIN H. TORRANCE;
STATE OF NEW YORK; JUDGE SANDERS,
STATE OF MARYLAND FOR CALVERT COUNTY;
MATTHEW W. DALOISIO, SUPERVISING
ATTORNEY-ARRAIGNMENT; JUDGE MORELL;
JUDGE JAY WIENER; NEW YORK
CRIMINAL COURT; LOUIS L. STANTON,
United States District Judge; TAMMI M. HELLWIG,
Clerk of Court, Deputy Clerk,

                                    Defendant,

---

*?⁻⁻, ⁻ G⁷ ⁻⁻*

Request for Hearing: In Common
Law Court of Equity

**DEMAND FOR 3.5 MILLION IN SANCTION PURSUANT TO RULE 11. CRIMINAL STATUES ARE MISSING THE THREE ELEMENTS NEEDED TO BE VALID LAWS. AND THE JUDGE HAS A CONFLICT OF INTEREST IN THIS CASE.**

["Cuiusque Rei Pars"][The Principle part of Everything Is In The Beginning]

Comes Now Robert William Watson Jr., hereby enters my appearance as a State citizen appearing before the court representing myself in "in Propia Persona" (I'm my own person) or "pro-per" which Qualified me as an attorney in fact, according to "Black's Law Dictionary". Asserting my Sovereign Right to represent myself in legal matters establishes my status as my own attorney. To proceed in Pro Per means that the court cannot impose the same standard upon me as is imposed on a licensed attorney. The defendant moves this court to grant his motion for 3.5 in sanctions and states: the B.A.R. members are expected to perform a reasonable "Pre-filing investigation." Rule 11 states in part that attorneys must not file suit without evidentiary support for the allegations contained in the complaint. This court has no criminal jurisdiction.

### This Court Has No Criminal Jurisdiction:

The STATE OF NEW YORK cannot be an injured party. Acts committed within the state of New York, whether for good or bad purposes, or whether with honest or criminal intent, cannot be an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States see; United States v. Fox, 95, U.S. 679, 672, (1877). The courts of the United States, merely see; United States v. Flores, 289, U.S. by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatever. The criminal jurisdiction is the United States is Wholly derived from the statutes of the United States see: Manchester v. Massachusetts, 139, U.S 240, 262, (1980); United States v. Flores, 289, U.S. 137, 151 (1932). Acts of Congress, as well as the

Constitution must generally unite to give jurisdiction to a particular court, See; U.S. v. Bedford, 27 Fed. Cas. page 91, 103, Case No. 15, 867, (1847).

## Prosecutor's Cannot Testify:

Statements of counsel in brief or augment are never facts before the court. No attorney can state a fact before the court. This was more than adequately pointed out in 2000 when thousands of Florida ballots were taken before the U.S. Supreme Court, without even so much as one competent fact witness. Without a witness the court could not see the ballots, the ballots were not before the court, and the ballots could be introduced as evidence.

Before any determination, there must be a court of complete or competent jurisdiction.

- There must be two parties with the capacity to be there.
- There must be subject matter jurisdiction.
- Appearance or testimony of a competent fact witness.

Without jurisdiction, complete jurisdiction, no court can issue a judgement that isn't void, a nullity, without force or effect, on its face, and in fact.

**Prosecutor's Do Not Have A License To Practice Law:**

Lawyers and attorneys are NOT licensed to practice law the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State. (Schware v. Board of Examiners, 353, U.S. 238, 239).

**The Court Had No Civil Jurisdiction;**

The court lacked jurisdiction to get involved in the case as there was no injured party, and the criminal status is not a valid law. The criminal statutes do not have an enacting clause, a title, or a body. This action was filed with a defective affidavit, and no witness was ever entered into the court record. The prosecutor who signed the affidavit did not have first-hand knowledge of an injured party.

The state's day-to-day criminal procedures violated the plaintiffs to due process because the procedures were not fair. This merciless affidavit is obstructing the administration of justice in this case, and a reasonable pre-filling investigation would uncovered the fatal flaws listed here that prevented the court from having jurisdiction to heat the dispute.

## The Judge Has A Conflict Of Interest

The judge has a conflict of interest in hearing any cases that involve the government, or government agents, or B.A.R. members due to the fact the judge is paid by the government.

## Attorneys Cannot Testify

Statements of counsel in brief or in augment are never facts before the court. No attorney can state a fact before the court. This was more adequately pointed out in 2000 when thousands of Florida ballots were taken before the U.S. Supreme Court, without even so much as one competent fact witness. Without a witness the court could not see the ballots, the ballots were not before the court, and the ballots could not be introduced as evidence.

Before any determination, there must be a court of complete or competent jurisdiction.

- There must be two parties with the capacity to be there.
- There must be subject matter jurisdiction.
- Appearance or testimony of a competent fact witness.

Without jurisdiction, complete jurisdiction, no court can issue a judgement that isn't void, a nullity, without force or effect, on its face, and in fact.

Lawyers and attorneys are NOT licensed to practice law the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by the state/State. (Schware v. Board of Examiners, 353 U.S. 238, 239).

## Pre-filing Investigation

Rule 11 states in part that attorneys must not file suit without evidentiary support for the allegations contained in the complaint. Put simply, Rule 11 requires an attorney to "stop, think, and investigate" before filing a paper with the court. This requires an attorney to make an objectively reasonable inquiry into the facts and law prior to filing and not to pursue an action that is not objectively reasonable based on facts. Both prongs are highly fact-dependent, with broad discretion reserved for the trail court. In some, jurisdictions, reasonable inquiry into the facts is a threshold requirement that first examines whether the pre-filing investigation was unreasonable based on the circumstances - in which case sanctions should be imposed - rather than whether there was a reasonable belief that the facts supported the allegations. See Chandler v. Nw. Bank Minn., Nat'l Ass' n, 137, F.d 3d. 1053, 1057 (10th Cir. 1998) (imposing sanctions when attorney failed to conduct a reasonable inquiry, despite the allegations was based on fact); Henry v. Farmer City State Bank, 127 F.R.D. 154 (C.D. III. 1989) (imposing sanctions when claim was not well grounded in law, despite being adequately investigated). In these jurisdictions, only after it is determined that an initial investigation was reasonable, the focus then shifts to whether there is any factual support for the allegations. **Thus, sanctions would be appropriate only if either the prefiling investigation was reasonable or the pre-filing**

**investigation was reasonable but the claims are baseless.** By contrast, other jurisdictions, such as the court in In re Keegan Management Co., Securities Litigation, 78 F. #d 431, 434,-35 (9th Cir. 1996), treat the conditions as disjunctive such that sanctions would not be appropriate so long as there was either a reasonable pre-filing investigation or reasonable factual support for the allegations. In other words, sanctions are appropriate only when the pre-filing investigation is unreasonable, and the allegations are baseless.

## Reasonable Inquiry

There are several factors a district court must consider in determining whether an investigation was reasonable.

1. The time available for investigation.
2. The extent of the attorney's reliance on the client for factual support for the document.
3. The feasibility of a pre-filing investigation.
4. Whether the signing attorney accepted the case from another member of the bar or forwarding attorney.

5. The complexity of the factual and legal issues; and the exent to which the development of the factual circumstances underlying the claim requires discovery. The court considers the totality of the facts based on the circumstances; no one fact is dispositive or greater weight than another. Attorneys are mandated to interview the client in detail' review available documents (i.e., for the initial complaint, those within the client's possession or that are publicly available; and for subsequent filings, what has been produced through discovery); interview witness

identified by the client; and when necessary, consult an expert (especially if the case is legally or factually complex). **If an attorney fails to review relevant documents in the public record or available to the client, or if an attorney fails to interview witnesses, courts may sanction the attorney.** Generally, where a pre-filing investigation other than conversations with a client could objectively establish whether a claim is well grounded in fact, failure to do such research may result in sanctions. Discovery may also result in the need to further corroborate what a client has said. For Example, in Childs v. State Farm Mutual Automobile Insurance Co., 29 F.3d 1081 (5th Cir. 1994), the court found the plaintiff's attorney had conducted a reasonable investigation before filing an action against the insurance company on behalf of his client, who had been involved in a hit-and-run accident. The insurance company presented substantial evidence that the accident had been staged. **The plaintiff's attorney then failed to conduct any discovery of his own into the company's allegations. That failure to investigate or withdraw the claim led the district court to impose sanctions.** The Fifth Circuit affirmed; We must agree that this inquiry was deficient, never did the attorney for the bank conduct any affirmative discovery to test the veracity of the evidence developed by the bank. Lastly, he never hired his own experts to investigate the bank's claims. In light, of the compelling evidence of fraud in this, case the bank's attorney's inquiry cannot be said to be reasonable. 29 F.3d at 1025. Thus, in most cases, a reasonable inquiry includes going beyond the client's story to corroborate with documents, witnesses, or experts' testimony. It was recognized in Nassau-Suffolk Ice Cream, Inc.. v. Integrated Res., Inc., F.D.R. 684, 689, (S.D.N.Y. 1987), "when attorney can obtain the information necessary to certify the validity of the claim in a public fashion and need not rely solely on the client, he must do so."

### Allegations Based in Fact

The standard for determining whether a pleading is well grounded in fact for Rule 11 purposes is, according to Hillsborough County v. A & E Road Oiling Service, Inc., 160 F.R.D. 665, 659 (M.D. Fla. 1995), "objectively reasonable under the circumstances." A filing meets this requirement if there is some evidentiary basis for the position taken at the time the pleading is signed. Even if the factual assertions is in a paper are later disproven or insufficient to survive a summary judgement motion, the paper is not sanctionable. Whether or not there is factual support can shift as parties learn new information. Thus, the attorney has a continuing obligation to ensure that the allegations are not baseless each time he or she files a paper with the court.

**An attorney will be subjected to sanctions if he or she continues to assert baseless allegations after learning of the facts or legal precedent that undermined them.** For example, in Mercury Air Group, Inc. v. Mansour, 237, F.3d 542, 549 (5th Cir. 2001), the Fifth Circuit affirmed sanctions in the form of reasonable attoney fees and expenses against an attorney who conducted 150 hours of investigation prior to filing suit but who continued to pursue the claim even after learning that claim was baseless.

### Summary

Sanctions would be appropriate if either the pre-filing investigation was unreasonable or the pre-filing investigation was reasonable, but the claims were baseless. The attorneys conspired

with the state and the judge to commit real estate deed fraud and illegally foreclosure on private property. This attorney in this case lied on the complaint to deceive the court into thinking it had jurisdiction. This attorney failed review relevant documents in the public record or available to the client whereby sanction should be granted. The attorney failed to file the original contract with the court whereby the Court Lacked Jurisdiction to render judgement on the matter. The plaintiff's attorney failed to conduct any discovery of his own into the alleged debt allegations. It was recognized in *Nassau-Suffolk Ice Cream, Inc v, Integrated Res., Inc., 114 F.D.R. 684 (S.D.N.Y. 1987),* "when the attorney can obtain the information necessary to certify the validity of the claim in a public fashion and need not rely solely on the client, he must do so." For example, in Mercury Air Group, Inc. v. Mansour, 237 F.3d. 542, 549 (5th Cir. 2001), the fifth Circuit affirmed sanctions in the form of reasonable attorney fees and expenses against an attorney fees and expenses against an attorney who conducted 150 hours of investigation prior to failing sit but who continued to pursue the claim even after learning that claim was baseless. In this case, the attorney never asked for or reviewed the original contract that was necessary to provide the court with "Jurisdiction." That contract was never filed in the case to date whereby there is not admissible evidence on the record to prove there ever was any contract, what the terms were in the contract, or if the contract was breached. This sanction should be granted in addition to the attorney should be ordered to pay the legal expenses generated by this action.

/s/_____Dated:

Certified 9/11/2001 survivor Robert Watson VCF0104772 ROBERT WATSON-

PRO-SE LEGAL SCHOOL - Winincourtnow.com

CLAIMANT: Robert W. Watson- CLAIM NO: 445256 WTC

World Trade Center Health Program- ID #: 911S11696 Robert Watson

## Certificate of Service

On this _____,day of _____, year_____, 2025, before me the undersigned, a Notary Public in and for_____, personally appeared the above signed known to be one whose name is signed on this instrument, and has acknowledged to me that she has executed the same.

Signed_____
Print Name_____
Date_____
My Commission Expires_____

Attorney:

PRO-SE LEGAL SCHOOL -Winincourtnow.com
Robert Watson, Pro Se



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. WATSON, JR., ABOC
CERTIFIED OPTICIAN

               Plaintiff,

               -against-

ALFRED CHARLES SHARPTON, JR.
BAPTIST MINISTER CIVIL RIGHTS/SOCIAL
JUSTICE; NYPD 028 PRECINCT; OFFICER
CHRISTOPHER C. KRAEMER #15618;
POLICE OFFICER MD. J. UDDIN #12096;
KATRINA JEFFERSON; SHANNON
MURRAY; CONNERY O'BRIEN; LMSW
JENNY DROSSMAN ASSISTANT VP OF
GODDARD RIVERSIDE; LMSW AWILDA
CORTEZ-BEN MELECH; STEPHANIE DOE;
MPA KWIKESH L. BANKS; APRIL DOE;
JACK VICKERY; GENADIY PORTNOY;
FELIPE SOLIS; DET. KEVIN EARL # 1737;
MD SAN MIGUEL; TIWIARI SHRUTI,

               Defendants.

24-CV-6916 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Robert W. Watson, Jr. filed this *pro se* action under 42 U.S.C. § 1983. By order

dated November 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. This action is dismissed for the reasons set forth

below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

On September 6, 2024, Plaintiff filed this complaint naming: (1) Alfred Charles Sharpton, Jr., "Baptist Minister Civil Rights/Social Justice"; (2) the 28th Precinct of the New York Police Department ("NYPD"); (3) NYPD Officer Christopher C. Kraemer; (4) NYPD Officer Md. J. Uddin; (5) NYPD Detective Kevin Earl; (6) Katrina Jefferson; (7) Shannon Murray; (8) Connery O'Brien; (9) LMSW Jenny Drossman, "Assistant VP of Goddard Riverside"; (10) LMSW Awilda Cortez-Ben Melech; (11) Stephanie Doe; (12) MPA Kwikesh L. Banks; (13) April Doe; (14) Jack Vickery; (15) Genadiy Portnoy; (16) Felipe Solis; (17) Gateway Properties L.P.; (18) MD San Miguel; and (19) Tiwiari Shruti. (ECF 1.) Of the 72 pages that comprise Plaintiff's complaint, 55 are service documents, including summonses and waiver of service forms. (ECF 1 at 15-70.) Also attached to the complaint is a "Designated Representative Appointment Form" from the 9/11 World Trade Center Health Program. (*Id.* at 13-14.) Plaintiff seeks money damages for unspecified "Economic" and "Non-Economic" harm. (*Id.* at 5.)

2

The complaint provides few facts about the events giving rise to this action. Plaintiff previously filed five complaints naming many of the same Defendants who are named in this complaint, however, and those complaints provide context for this matter.

### 1.    *Watson v. O'Brien*, No. 23-CV-8958 (LTS) (*"Watson I"*)

On October 11, 2023, Plaintiff filed a complaint naming Sharpton, O'Brien, Jefferson, and Shruti, among others.[1] That complaint suggests that Plaintiff filed a claim with the September 11th Victim Compensation Fund ("VCF") and was dissatisfied with the award he received. *Watson I*, ECF 5 at 4. Plaintiff further alleged that Shruti "violate[d] September 11th policy and procedures," and that he had informed Sharpton that his mother, Evelyn Watson, passed away on September 11, 2020. *Id.*, ECF 5 at 3.

By order dated March 1, 2024, the Court dismissed the complaint because: (1) the complaint did not allege facts suggesting that the private Defendants, including Sharpton, O'Brien, or Jefferson, acted under color of state law for purposes of liability under 42 U.S.C. § 1983; (2) the complaint did not contain facts suggesting that any state actor, including Shruti, had violated Plaintiff's constitutional rights; and (3) Plaintiff's claims arising out of 9/11 could not proceed because Plaintiff had filed a claim with the VCF, thus waiving his right to bring those claims in federal court. *Id.*

### 2.    *Watson v. Sharpton*, No. 23-CV-9716 (LTS) (*"Watson II"*)

On November 2, 2023, Plaintiff filed a complaint alleging that: (1) he was a "living victim" of the 9/11 terrorist attack; (2) his mother passed away on September 11, 2020; (3) when

---

[1] That complaint identifies Sharpton as Chief Executive Officer of the National Action Network's ("NAN") House of Justice; Jefferson as affiliated with NAN; O'Brien as an employee of the Center for Urban Community Services; and Shruti as a psychiatrist at Elmhurst Hospital in Queens County, New York. *Watson I*, ECF 1 at 1.

3

he sought assistance from Sharpton, Murray, and Jefferson, they mistreated him; and

(4) O'Brien, a housing specialist, and Drossman, her supervisor, called the police on him.
*Watson II*, ECF 5 at 4.

On January 2, 2024, the Court dismissed the complaint with leave to replead for the

following reasons: (1) there were no allegations in the complaint showing that the private

Defendants, including Sharpton, O'Brien, Jefferson, Murray, and Drossman were state actors;

(2) the complaint did not contain facts suggesting that any Defendant, including Shruti, had

violated Plaintiff's constitutional rights; and (3) it appeared that Plaintiff had waived his right to

bring 9/11-related claims in federal court. *Id.*, ECF 5. Plaintiff filed an amended complaint, and

on February 29, 2024, the Court dismissed the amended complaint because it did not remedy the

deficiencies in the original pleading as set forth in the January 2, 2024 order. *Id.* ECF 8.

### 3.     *Watson v. DeBlasio*, No. 24-CV-6826 (LTS) ("*Watson III*")

On August 29, 2024, Plaintiff filed a complaint naming the same Defendants who are

named in this complaint – Sharpton, Jefferson, O'Brien, Murray, Drossman, Shruti, San Miguel,

Cortez, Banks, Uddin, Kraemer, Earl, the 28th Precinct, Solis, Portnoy, Vickery, and the two

Does.[2] *Watson III*, ECF 1. On September 12, 2024, the Court docketed its March 18, 2024

Standing Order requiring *pro se* litigants to apprise the court of address changes. *Id.*, ECF 5. On

October 28, 2024, Plaintiff filed a notice of interlocutory appeal, apparently from the Standing

Order, which is pending in the Second Circuit. 24-2942 (2d Cir.).

---

[2] *See also Watson v. DeBlasio*, No. 24-CV-6875 (LTS) (S.D.N.Y. Sept. 18, 2024)
(dismissing complaint without prejudice as a duplicate of the one filed in No. 24-CV-6826).
Plaintiff filed a notice of appeal from the dismissal without prejudice, which is pending in the
Second Circuit.

4

4.      *Watson v. UAL Corp.*, No. 24-CV-6967 (LTS) ("*Watson IV*")

On September 6, 2024, Plaintiff filed a complaint against Shruti, Banks, and other

Defendants, asserting 9/11-related claims. On October 18, 2024, Plaintiff again filed an

interlocutory appeal from the March 18, 2024 Standing Order. *Id.*, ECF 4. On February 10, 2025,

the Second Circuit dismissed because Plaintiff was in default. *Id.*, No. 24-2886 (2d Cir. Feb. 10,

2025)). *Watson IV* remains pending in this court.

## DISCUSSION

**A.      Claims against Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti**

For the reasons set forth in the orders of dismissal issued in *Watson I*, No. 23-CV-8958, 5

(LTS), *and Watson II*, No. 23-CV-9716, 5 (LTS), Plaintiff's claims against Sharpton, Jefferson,

O'Brien, Drossman, and Shruti are dismissed for failure to state a claim on which relief may be

granted.

**B.      Claims against Cortez Ben-Melech, San Miguel, Banks, Uddin, Kraemer, Earl, the
28th Precinct, Solis, Vickery, Portnoy, Gateway Properties L.P., and the Doe
defendants**

Plaintiff has a matter pending in this Court naming Awilda Cortez Ben-Melech,

Stephanie Doe, April Doe, MD San Miguel, Kwikesh L. Banks, Officer Uddin, Officer Kraemer,

Detective Earl, the 28th Precinct, Jack Vickery, Genadiy Portnoy, Felipe Solis, and Gateway

Properties L.P. *Watson III*, No. 24-CV-6826 (LTS). As this complaint raises the same claims, no

useful purpose would be served by litigating this duplicate lawsuit. The Court therefore

dismisses this complaint without prejudice to *Watson III*.

**C.      Leave to amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its

defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

5

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff previously filed complaints naming Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti. The Court dismissed *Watson I*, No. 23-CV-8958 (LTS), for failure to state a claim on which relief may be granted. *Id.*, ECF 5. The Court dismissed *Watson II*, No. 23-CV-9716 (LTS), and granted Plaintiff leave to replead his claims. *Id.*, ECF 5. Thereafter, the Court dismissed the amended complaint because it did not remedy the deficiencies in the original complaint. *Id.*, ECF 8. Nothing in this complaint suggests that the previously identified problems can be cured with amendment, and the Court therefore declines to grant Plaintiff another opportunity to amend his claims against the Defendants who were named in *Watson I* and *Watson II*.

Because Plaintiff has a pending complaint against Cortez Ben-Melech, San Miguel, Banks, Uddin, Kraemer, Earl, the 28th Precinct, Solis, Vickery, Portnoy, Gateway Properties L.P., and the Doe defendants, arising out of the same events underlying this complaint, *see Watson III,* No. 24-CV-6826 (LTS), the Court declines to grant Plaintiff replead his claims against them in this matter. Instead, the Court dismisses the claims against those Defendants without prejudice to those claims proceeding in *Watson III,* No. 24-CV-6826 (LTS).

**D.    Litigation history and warning**

As previously discussed, Plaintiff has filed complaints naming the same defendants who are named in this complaint and arising out of the same events. On March 1, 2024, in *Watson I*, the Court dismissed Plaintiff's Section 1983 claims against Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti. On February 29, 2024, in *Watson II*, after granting Plaintiff leave to replead, the Court again dismissed those claims. Yet Plaintiff filed this complaint on

6

September 6, 2024, and named the same Defendants, without remedying the problems the Court identified in *Watson I* and *Watson II.*

In light of this litigation history, the Court finds that Plaintiff was or should have been aware that, with respect to his claims against those Defendants, this complaint lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has a pending matter naming the other defendants. *See Watson III*, No. 24-CV-6826 (LTS). Plaintiff is warned that further duplicative litigation in this court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the claims against Defendants Sharpton, Jefferson, O'Brien, Drossman, Murray, and Shruti for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(a)(3). The Court dismisses the claims against Awilda Cortez Ben-Melech, Stephanie Doe, April Doe, MD San Miguel, Kwikesh L. Banks, Officer Uddin, Officer Kraemer, Detective Earl, the 28th Precinct, Jack Vickery, Genadiy Portnoy, Felipe Solis, and Gateway Properties L.P. without prejudice to the matter proceeding under No. 24-CV-6826 (LTS).

Plaintiff is warned that frivolous or duplicative litigation in this court may result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated:    May 19, 2025
      New York, New York

                                           _Louis L. Stanton_
                                             Louis L. Stanton
                                               U.S.D.J.

7

```
MIME-Version:1.0
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain

Message-Id:<33053561@nysd.uscourts.gov>
Subject:Activity in Case 1:24-cv-06916-LLS Watson v. Sharpton et al Order of Dis
missal
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court
Southern District of New York

Notice of Electronic Filing
The following transaction was entered  on 5/21/2025 10:58 AM EDT and filed
on 5/19/2025

Case Name: Watson v. Sharpton et al

Case Number: 1:24-cv-06916-LLS https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?6
28394

Filer:


Document Number: 5


Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.nysd.uscourts.gov/doc1/127137561806?caseid=628394&de_seq_num=57&magi
c_num=MAGIC


Docket Text:
 ORDER OF DISMISSAL.... The Court dismisses
the claims against Defendants Sharpton, Jefferson, O'Brien,  Drossman,
Murray, and Shruti for failure to state a claim on which relief may be  granted,

28 U.S.C. § 1915(a)(3). The Court dismisses the claims against Awilda
 Cortez Ben-Melech, Stephanie Doe, April Doe, MD San Miguel, Kwikesh L. Banks,
 Officer Uddin, Officer Kraemer, Detective Earl, the 28th Precinct, Jack
Vickery,  Genadiy Portnoy, Felipe Solis, and Gateway Properties L.P. without
prejudice to  the matter proceeding under No. 24-CV-6826 (LTS). Plaintiff
is warned that frivolous or duplicative litigation in this court may  result
in an order barring him from filing new actions IFP without prior  permission.
See 28 U.S.C. § 1651. The Clerk of Court is directed to enter judgment
dismissing this case. SO ORDERED.    (Signed by Judge Louis L. Stanton on
5/19/2025)   (vfr) Transmission to Orders and Judgments Clerk for processing.



1:24-cv-06916-LLS Notice has been electronically mailed to:


1:24-cv-06916-LLS Notice has been delivered by other means to:
Robert W. Watson, Jr
WTCHP #911S11696
1827 Seventh Avenue
Apt. 1A
New York,  NY 10026



The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: n/a
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1008691343 [Date=5/21/2025] [FileNumber=33053560-0]
[62cfacdc787e34ba7692e7ecd4118af24f7baa65bc3fd53a62e0990f1bfae0a45edac71a1348b31
```

70307e376517a311c43042ebafefda5c4db2975db921f430e]]

Robert W. Watson Jr.

WTCHP #911S11696
1827 Seventh Avenue
Apt. 1A
New York, NY 10026

------------------------------------------------------

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WILLIAM WATSON,

                Plaintiff,

        -against-

WARREN WILHELM,

                Defendants.

24-CV-6826 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims under 42 U.S.C.

§ 1983 and state law against approximately fifty defendants. Plaintiff has brought numerous prior

actions, many of which have overlapping defendants.[1] By order dated February 25, 2025, the

Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of

fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.

*See* Fed. R. Civ. P. 12(h)(3).

---

[1] *See, e.g., Watson v. Sharpton*, 24-CV-6916 (LLS) (S.D.N.Y. May 19, 2025) (warning ;
*Watson v. UAL Corp.*, No. 24-CV-6976 (LTS) (S.D.N.Y.); *Watson v. Sharpton*, No. 23-CV-9716
(LTS) (S.D.N.Y. Feb. 29, 2024) (amended complaint dismissed for failure to state a claim);
*Watson v. O'Brien*, No. 23-CV-8958 (LTS) (S.D.N.Y. Mar. 1, 2024) (complaint dismissed).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff asserts claims arising from several seemingly unrelated incidents. He refers to events on April 12, 2020, April 12, 2024, and August 12, 2024, involving police officers from the 28th Precinct of the New York City Police Department (NYPD), staff from the New York City Department of Health and Mental Hygiene (DOHMH), and the "Intensive Mobile Treatment" unit. (ECF 1 at 36, 39, 43.) He refers to "[u]nlawful imprisonment" at "Pyramid Safe Haven / Bronx Works", an entity which appears to have a connection with Goddard Riverside's

2

Manhattan Outreach Consortium, a program directed at supporting homeless individuals, from

May 5, 2020, to September 11, 2020. (*Id.* at 46, ¶ 56.)

Plaintiff also discusses, as he has done in his other actions, his involvement with the

World Trade Center Health Program, as a victim of the September 11, 2001 terrorist attacks, and

his mother's application to be certified by the same program.[2] In addition, he refers to contacts

with the Reverand Al Sharpton and staff from Sharpton's House of Justice program.

Plaintiff asserts five causes of action: (1) excessive force under 42 U.S.C. § 1983;

(2) excessive force under N.Y. Const. Art. I, § 12; (3) the right, under Section 1983, to freedom

of expression protected by the First Amendment to the U.S. Constitution; (4) the rights to

freedom of speech and assembly under N.Y. Const. Art. I, § 8; and (5) false arrest, under Section

1983, in violation of the Fourth Amendment to the U.S. Constitution. Plaintiff does not specify

which defendants are implicated for any particular cause of action or which of the many events

described in the complaint form the basis for each cause of action. Plaintiff seeks damages and

declaratory relief.

## DISCUSSION

**A.    Interlocutory appeal**

The court's standing order notifying *pro se* litigants of the obligation to maintain an

address of record was entered on the docket (ECF 4), and although Plaintiff has maintained an

address on file with the Court, he filed a notice of interlocutory appeal from the standing order.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers

jurisdiction on the court of appeals and divests the district court of its control over those aspects

---

[2] Plaintiff sues members of the World Trade Center Health Program (Tiwari Shruti, Awilda Cortez, Knikesha Banks, and April Doe) but none of the claims that Plaintiff brings appears to relate to these defendants.

of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is . . . a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). The rule does not apply, for example, "where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted). Notwithstanding this interlocutory appeal, the Court retains jurisdiction to address Plaintiff's complaint.

## B.    Excessive Force Claim

Plaintiff's first cause of action is a claim, under 42 U.S.C. § 1983, for excessive force. (ECF 1 at 51, ¶ 75.) To state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The right to be free from excessive force derives from the Fourth Amendment for arrestees and from the Fourteenth Amendment for pretrial detainees and individuals who have not been arrested. *See, e.g., Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). The "objectively unreasonable degree of force" analysis that the U.S. Supreme Court outlined in *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015), applies to all Fourteenth Amendment excessive force claims. *Id.* at 536; *Drummond v. Castro*, 522 F. Supp. 2d 667, 678–79 (S.D.N.Y. 2007) (holding that an excessive force claim requires a "serious or harmful" use of force).

Although it is not entirely clear which facts relate to this claim, the Court understands Plaintiff to be asserting that someone used excessive force against him on April 12, 2020, when police officers from the NYPD and employees of the "Intensive Mobile Treatment" came to his

4

home in Harlem, New York. (ECF 1 at 43.) Plaintiff's allegations that he was subjected to "physical assaults" (*id.* at 44, ¶ 44) are insufficient to plead that a state actor was personally involved in violating his constitutional rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

A plaintiff need not plead facts in great detail about the specific role of each defendant in an assault. *See, e.g., Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994) (declining to dismiss excessive force claim for lack of specificity because "[i]t would be asking too much for an arrestee to remember and plead the role each of several police officers played in an alleged instance of police brutality"). Here, however, Plaintiff has not included even basic facts about which of the fifty defendants named in the complaint is alleged to have used excessive force against him, or what occurred and whether he was injured. Plaintiff thus fails to state an excessive force claim, under Section 1983, on which relief can be granted.

## C.    False Arrest Claims

Plaintiff asserts a Section 1983 claim for false arrest.[3] (ECF 1 at 52, ¶ 79.) A Section 1983 claim for false arrest uses state law as a starting point to determine the elements of a claim. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than

---

[3] In addition to the Section 1983 claim for false arrest, Plaintiff also brings a false arrest claim under state law for an unspecified incident involving both Plaintiff and his mother. (ECF 1 at 52, ¶ 80.) The Court addresses separately the exercise of its supplemental jurisdiction of state law claims.

to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

Plaintiff's complaint, which totals 245 pages with exhibits, includes facts about numerous apparently unrelated incidents involving dozens of different defendants. Although he asserts a cause of action under Section 1983 for false arrest, it is unclear which events constitute the factual basis for this claim. Plaintiff alleges that, on April 12, 2020, numerous police officers from the 28th Precinct, together with the Intensive Mobile Treatment unit and an ambulance, arrived at his home in Harlem. (ECF 1 at 43, ¶ 39.) Plaintiff asserts that he has "faced ongoing misconduct, negligence, and retaliation" at the hands of the New York City Department of Health and Mental Hygiene (DOHMH), the IMT teams, and "other New York City officials," including "unlawful imprisonment, identity theft, denial of medical necessities, physical assaults, and the mismanagement" of his application for services from the World Trade Center Health Program. (*Id.* at ¶ 43.)

Plaintiff also alleges that, on August 12, 2024, Police Officer Uddin "forcibly removed Plaintiff" from his home (*id.* at 36, ¶ 1), though it is unclear if Plaintiff was arrested on criminal

6

charges. In addition, Plaintiff states that on April 12, 2024, he was "falsely arrested" (*id.* at 39, ¶ 14), but it is unclear which defendant is alleged to have done so, whether he faced criminal charges, or how any criminal charges were resolved. Plaintiff's allegations are insufficient to state a claim against any defendant for false arrest arising from events on April 12, 2020, April 12, 2024, or August 12, 2024.

**D.    First Amendment Claims**

Plaintiff invokes, as the basis for a cause of action, the right of freedom of expression protected by the First Amendment to the U.S. Constitution. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. Amend. I. The Supreme Court "has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment" because "[a]n individual's freedom to speak, to worship, and to petition the government for the redress of grievances could not be vigorously protected from interference by the State unless a correlative freedom to engage in group effort toward those ends were not also guaranteed." *Slattery v. Hochul*, 61 F.4th 278, 286 (2d Cir. 2023) (citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984)).

Although Plaintiff invokes the First Amendment's protection for freedom of expression, it is wholly unclear from the allegations of the complaint what expressive activity Plaintiff references or how his rights were violated. Plaintiff also does not specify which defendant is alleged to have violated his First Amendment rights and it is therefore unclear whether he brings this claim against a state actor. Plaintiff's Section 1983 claim for a violation of his rights under the First Amendment must therefore be dismissed.

7

## E.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the

Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be

asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of*

*Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to

allege additional facts to state a valid federal claim under Section 1983, the Court grants Plaintiff

30 days' leave to amend his complaint to detail his claims.

The Court notes that, if Plaintiff chooses to file an amended complaint, he should

consider whether: (1) he is including unrelated claims against different defendants that do not

belong in a single action, *see* Fed. R. Civ. Proc. 18, 20; (2) he has included a short and plain

statement of the facts showing that each named defendant is liable for a violation of his rights,

*see* Fed. R. Civ. P. 8; and (3) his claims are barred by preclusion because claims arising from the

8

same facts already were or could have been raised in a prior action against the same defendant and were adjudicated on the merits after a full and fair hearing.

The Clerk of Court is directed to hold this matter open on the docket for 30 days. If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1367(c)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 27, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

9

```
MIME-Version:1.0
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain

Message-Id:<33082491@nysd.uscourts.gov>
Subject:Activity in Case 1:24-cv-06826-LTS Watson v. Wilhelm et al Order 30 Days
 Amended Complaint (case opening)
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.
```

U.S. District Court

Southern District of New York

Notice of Electronic Filing

The following transaction was entered  on 5/28/2025 10:20 AM EDT and filed on 5/27/2025

Case Name: Watson v. Wilhelm et al

Case Number: 1:24-cv-06826-LTS https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?6 28197

Filer:

Document Number: 10

Copy the URL address from the line below into the location bar of your Web browser to view the document:
https://ecf.nysd.uscourts.gov/doc1/127137595973?caseid=628197&de_seq_num=94&magi c_num=MAGIC

Docket Text:
ORDER OF DISMISSAL WITH LEAVE TO REPLEAD:
Plaintiff's complaint, filed in forma pauperis under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1367(c) (3), with 30 days' leave to replead. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered. SO ORDERED. (Signed by Judge Laura Taylor Swain on 5/27/2025)   (sgz)

1:24-cv-06826-LTS Notice has been electronically mailed to:

1:24-cv-06826-LTS Notice has been delivered by other means to:
Robert William Watson
Apt. 1A
1827 Seventh Avenue
New York,  NY 10026

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: n/a
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1008691343 [Date=5/28/2025] [FileNumber=33082490-0]
[68fedbba7c68f77ebd99428f9440bea1a679cb4aa77719532500109687c03c1c214e238d9285051
957e9d4d67acc552150047af4b49416b706ef7393bf9e9ba1]]

Case 1:25-cv-02520-KMW    Document 5    Filed 06/04/25    Page 48 of 111

Robert William Watson
1827 Seventh Avenue
Apt. 1A
New York, NY 10026



# PW Parker | Waichman LLP
### A NATIONAL LAW FIRM

NEW YORK | LONG ISLAND | NEW JERSEY | FLORIDA

6 Harbor Park Drive
Port Washington, NY 11050-4647
Phone 516.466.6500
Fax 516.466.6665
800.LAW.INFO (529.4636)
www.yourlawyer.com

⑦

April 6, 2023

Robert Watson
1827 Adam Clayton Powell Jr. Boulevard
Apartment 1A
New York, NY 10026

Re:    **Victim Compensation Fund**

## _IMPORTANT FORMS – PLEASE SIGN & RETURN IMMEDIATELY_

Dear Mr. Watson:

Enclosed herein please find a form which requires your signature. Kindly sign the forms where indicated and return it to us as soon as possible in the envelope provided for your convenience.

## _Please do not complete or change any information on the form._

If you have any questions, please feel free to call me.

Thank you for your cooperation in this matter.

Very truly yours,

Stacy Candalino
Paralegal

Enclosure



September 11th
Victim Compensation Fund

June 3, 2022

MR. ROBERT WATSON
1827 ADAM CLAYTON POWELL JR BLVD
APARTMENT 1A
NEW YORK NY 10026

RE: VCF Claim Number VCF0104772

Dear Mr. Watson:

Thank you for your recent letter to my office about your claim with the September 11th Victim Compensation Fund ("VCF"). Your claim is currently under review to confirm you meet the requirements to be eligible for compensation. We will send you a letter if we need any additional information from you in order to complete our review. You will also receive a letter once a decision has been made on your claim.

I understand you have also been in frequent contact with our Helpline. In light of the aggressive nature of several of your calls, I have directed our Helpline to automatically forward your calls to voicemail, and any messages you leave will not be returned. All communications from the VCF will be sent to you in writing. We will mail all correspondence to you at the address in your claim file, and you may also view copies of all correspondence in your claim in the online claims system. You can login to your claim at https://www.claims.vcf.gov/Account/Login.

We also recommend that you periodically check the status of your claim in the online system. If you have any questions about your claim's status, you can find claim status definitions on our website at https://www.vcf.gov/resources/claim-status-definitions.

You can expect further written communication as soon as a determination has been made on your claim.

Sincerely,

Liasaron

August E. Flentje
Special Master
September 11th Victim Compensation Fund

VCF0104772GC0603221A



September 11th
Victim Compensation Fund

April 27, 2023

ROBERT WATSON
1827 ADAM CLAYTON POWELL JR. BLVD 1A
NEW YORK NY 10026

Dear ROBERT WATSON:

This letter confirms that the September 11th Victim Compensation Fund ("VCF") has received the amendment submitted on the claim listed below:

Claim No.: VCF0225438
Victim Name: EVELYN WATSON

*This letter is automatically generated when an amendment is submitted. The VCF has not yet reviewed your amendment.*

If you have additional documents to submit in support of your amendment, please upload them to your claim or mail them to the VCF as soon as you are able to do so. Hard copy documents should be mailed to:

September 11th Victim Compensation Fund
P.O. Box 34500
Washington, D.C. 20043

If you have any questions regarding this letter or your claim, please call our toll-free Helpline at 1-855-885-1555. Please have your claim number ready when you call: **VCF0225438**. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

September 11th Victim Compensation Fund

*10*

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK  PART AP18
------------------------X
IN THE MATTER OF:

    PEOPLE OF THE STATE OF NEW YORK,

           Plaintiff,

                         Docket No.:
      Vs.                  CR-023834-24/NY

    ROBERT WATSON,

           Defendant.
------------------------X

DATE:           April 18, 2025

HELD AT:       100 Centre Street
               New York, NY 10013

BEFORE:        HONORABLE JAY WEINER, Judge

APPEARANCES:   THOMAS O'NEILL, ESQ.
               Attorney for The People

               MICHAEL BALDWIN, ESQ.
               Attorney for Robert Watson

ALSO PRESENT:  ROBERT WATSON

DIGITALLY RECORDED PROCEEDING, TRANSCRIBED BY:
PASQUALE CICCONE
ACOLAD

PSNY vs. WATSON - 4/18/2025                          2

COURT OFFICER:  All right.  Come to order.  First case of the day, from 2024, docket ending 834, and from 2025, docket ending 391.  Mr. Robert Watson.

MR. THOMAS O'NEILL:  Thomas O'Neill for the People.  Good morning.

MR. MICHAEL BALDWIN:  Michael Baldwin, Legal Aid Society.

THE COURT:  Good morning, Mr. O'Neill.  Good morning, Mr. Baldwin.  And good morning, Mr. Watson.

MR. ROBERT WATSON:  Could you state your name for the record, Judge?

THE COURT:  Sure.  My name is Jay Weiner, W-E-I-N-E-R.  First name is J-A-Y.

MR. BALDWIN:  He keeps records just like you, Judge.

MR. WATSON:  My victim -- my rights been violated under color of law.  So, since he should speak on the record, I'm going to speak on the record too.  I have a lawsuit with NYPD; they refuse to take my documents.

THE COURT:  Stop now.

MR. WATSON:  Sorry, Mr. Judge Weiner.

THE COURT:  Stop now.  Mr. O'Neill, what can you tell us?

MR. O'NEILL:  Your Honor, this is Robert Watson's first appearance on the AP18 calendar for both of

these cases. I have been speaking with Midtown staff to determine if they would be able to engage Robert Watson. I do not know if that engagement has been made yet. The People are willing to have these cases on the calendar if Robert Watson is willing to work with the staff here.

THE COURT: Well, the first thing you said was that you had been checking with the staff here to see whether Mr. Watson would be willing to work, but you didn't answer that. What was the answer you got?

MR. O'NEILL: I do not believe that the staff has had an opportunity to speak with him. And by the staff, Your Honor, I'm referring specifically to the clinical staff. I believe the resource coordinator had a conversation this morning, but I do not think one of the social workers has had that conversation yet.

THE COURT: Okay. Thank you, Mr. O'Neill.

MR. O'NEILL: Thank you.

THE COURT: Mr. Baldwin, what would you have to say?

MR. BALDWIN: Mr. Watson's not interested in partaking of this court. He wishes just to fight the cases.

MR. WATSON: (inaudible).

THE COURT: Okay. Mr. Watson, your turn. What would you like to say?

MR. WATSON: Okay. Your Honor, in the United States Court of the Southern District of New York, I have a case with Robert Watson, AKA Robert William Watson as heir devisee distributee of the estate of Evelyn Watson. She's deceased plaintiff against Judge Laura Taylor Swain, Judge Ryan, the prosecutor, Benjamin H. Torrance, and the State of New York, Judge Saunders, and the State of Maryland for Calvert County as defendants. I have an order directing the payment of fees and IFP application that they have refused to give to you in the Judge's chamber. And I got it sorted by NYPD. This case's been going on for six years. My mother died on me 9/11/2020 while the DHS shelter system had me sitting in a cell, which was a pyramid safe haven. And that was in 9/11/2020 when my mother died, they had me in cell 432 and that was a DHS shelter. Through all this time, now I've got all my cases on YouTube. It's called the Whistleblower, and all my proof is on YouTube and I will not -- I'm with (inaudible) my capitalized name been violated. And under this law right here, the color of law, this is where I'm suing from this deprivation of rights under color of law, Section 24 of Title 18, which makes it a crime for a person acting under color of law to willfully deprive a person of a right or a privilege protected by the Constitution of Laws of the United States.

MR. BALDWIN: Right. So, based upon his lawsuits, we had a conversation, Your Honor, and seeing how he's saying the police abused their discretion in terms of the way they arrested him, I explained --

MR. WATSON: Excuse me. Your Honor, objection. I was never arrested, and I told him out of enslavement, they snatched me out of my apartment. He keeps saying arrested. Can you read the charges on this record? What charge? Because I don't see the charges. Judge?

MR. BALDWIN: Yeah, he's looking it up.

MR. WATSON: I'm not talking to you, okay, counsel? Let the Judge speak on the record. Can I have your -- a pen so I could write?

MR. BALDWIN: You going to give it back --

THE COURT: Mr. Watson.

MR. WATSON: Yes.

THE COURT: I direct who's going to speak here, not you.

MR. WATSON: I apologize, Judge.

THE COURT: Okay. Mr. Baldwin, you were speaking?

MR. BALDWIN: Right. So, seeing how he has a claim of illegal arrest here and there was arrests because there are --

MR. WATSON: Illegal arrests.

MR. BALDWIN: -- there were two cases.  It may be illegal arrest.

MR. WATSON:  Read the charges on it.

MR. BALDWIN:  He needs to get a hearing for those issues and that's why I -- we should send these cases back downtown.  Matt Degrasio [phonetic] from NDS is going to take them initially.

THE COURT:  Well, I see someone else here.

MR. BALDWIN:  Yeah, I got it today, Your Honor.

THE COURT:  Okay.

MR. WATSON:  Excuse me, Judge, I did ask you a question on the record.  Can you read me the charges on the record, please?  Or let the prosecutor read the charges on the record, because I don't see any charges.

MR. BALDWIN:  I got it, Judge.

THE COURT:  In docket ending 834, the charges are aggravated harassment in the second degree, 240.30 subdivision 2, and disorderly conduct was also added.  And on docket ending 391 --

MR. WATSON:  What are them?  Statutes?

MR. BALDWIN:  Those are --

THE COURT:  Docket.

MR. BALDWIN:  -- docket numbers.

MR. WATSON:  Them docket numbers.

THE COURT:  It's aggravated harassment in the

second degree under 240.30 subdivision 2.

MR. WATSON:  In what statutes?

MR. BALDWIN:  240.

MR. WATSON:  Statutes are not crime.

MR. BALDWIN:  Statutes are crimes.

MR. WATSON:  This is a civil.

MR. O'NEILL:  What was -- I'm sorry --

MR. WATSON:  Crimes are civils.

THE COURT:  Okay.  I've heard enough.

MR. O'NEILL:  Give me a second.  Your Honor, I'll give it to him again.  What was -- as to docket ending in 391.  What was the --

MR. WATSON:  391.

MR. BALDWIN:  -- what were the two case charges?

THE COURT:  391.

MR. BALDWIN:  Right.

THE COURT:  The charge was aggravated harassment in the second degree.

MR. BALDWIN:  So, that's just --

THE COURT:  Wait a second.  Hold on.

MR. BALDWIN:  They're both 240.30, or no?

THE COURT:  Wait a second.  This was, looks like it was a --

MR. WATSON:  Thank you, counsel.

THE COURT:  -- different application.  Aggravated

harassment in the second degree.

MR. BALDWIN:  So, they're both 240.30.

MR. WATSON:  Two what?

MR. BALDWIN:  240.30, yes.

MR. WATSON:  240.30.

MR. BALDWIN:  Yeah.

THE COURT:  Mr. O'Neill, did you want to say something?

MR. WATSON:  I got it, right?

MR. O'NEILL:  Yeah.

MR. WATSON:  It's 240.30.

MR. BALDWIN:  Of 23.

MR. O'NEILL:  Judge, I do have supporting depositions that I would like to file and serve regarding docket 834.

THE COURT:  Okay.  Why don't you do that?

MR. O'NEILL:  Doing that now.  Thank you, Your Honor.

MR. WATSON:  Your Honor, I got another case I want to read on the record.

THE COURT:  Stop.  You'll get a chance.  Right now, we're dealing with the supporting depositions.

MR. WATSON:  This is my constitutional rights.

MR. BALDWIN:  Not in this court for these.

MR. WATSON:  Oh, I don't have a constitutional

right in this court?

THE COURT: Mr. Watson? Mr. Baldwin, let me just speak to Mr. Watson.

MR. WATSON: Excuse me. Go ahead, Your Honor. I was talking to my counsel.

THE COURT: Mr. Watson, I'm talking and only I'm talking when I'm talking. Don't interrupt.

MR. WATSON: I didn't interrupt, but I apologize.

THE COURT: You will have an opportunity again to speak.

MR. WATSON: My apology, Judge.

THE COURT: Right now, I want to see those supporting depositions.

MR. BALDWIN: I'll get you a copy of these two. Wait. Give me a second, Your Honor. You did two -- you gave me two copies.

MR. O'NEILL: I gave you two?

MR. WATSON: Here, they (inaudible) documents, they wouldn't take.

MR. BALDWIN: Thank you.

MR. WATSON: No, here. These are documents they wouldn't take.

THE COURT: Here's the (inaudible) you can give those to Defense.

MR. WATSON: Because you giving them that one, I signed (inaudible)

MR. BALDWIN: These are the copies of the paperwork from the Court. This is for you.

MR. WATSON: Okay. Right.

MR. BALDWIN: I have no objection at this time, Your Honor.

THE COURT: Well, what about the --

MR. WATSON: Hey, you need copy of this?

THE COURT: What about the call logs?

MR. BALDWIN: I'm sorry?

THE COURT: What about the call logs?

MR. WATSON: I have a lawsuit on detective. That detective, I got a lawsuit on David.

MR. BALDWIN: Okay.

THE COURT: Am I looking at the same thing you're looking at; I observed call logs?

MR. BALDWIN: Oh, I guess I only have a supporting date from a Lavania Gowan.

THE COURT: Yeah, so do I, and I don't even see that he's -- Mr. O'Neill, I don't understand why I have something from that person.

MR. BALDWIN: And then it says, it really needs the Sergeant McGowan.

THE COURT: I don't even know -- where am I

looking at Sergeant McGowan? Is there a superseding accusatory instrument here?

MR. O'NEILL: I do not believe so, Judge, I do have a printout from McGowan, which --

THE COURT: I don't -- where is McGowan? I don't see anything. I don't see a McGowan mentioned in the --

MR. BALDWIN: I have a -- oh, that's, I see. Lavinia McGowan is the Sergeant. If you look, I'm informed by Sergeant Lavinia McGowan.

THE COURT: Where?

MR. O'NEILL: I think I have this one, Your Honor.

MR. BALDWIN: Did they give you the wrong paper?

MR. O'NEILL: That's from DA.

THE COURT: So, what is this, Mr. O'Neill?

MR. O'NEILL: I guess that --

THE COURT: Is this a superseding information of some sort?

MR. O'NEILL: I have this as a supporting deposition, Your Honor. Let me just double check with the complaint.

MR. BALDWIN: DA training. I got a feeling it's a superseding, Your Honor.

THE COURT: Yeah, I have a (inaudible) but let's

see.

MR. BALDWIN:  Because I don't have the original file, so originally it was written up how?

THE COURT:  Oh, I see.  Yes, there was a superseding information on April 2nd.

MR. BALDWIN:  I see.  Okay.

THE COURT:  And --

MR. O'NEILL:  Yes, that's what I'm seeing as well, Your Honor.

MR. WATSON:  Your Honor, I --

THE COURT:  It appears that on April 2nd -- well, this -- when was this reporting deposition served and filed?

MR. WATSON:  I need to speak for the record; my constitutional rights protected.

THE COURT:  I see that it was signed in October.

MR. O'NEILL:  Your Honor, I have from the appearance on December 12th that it was on for the SSI, but I do not have information as to whether or not the SSI was actually filed at that time.

MR. BALDWIN:  Right.  And this isn't an SSI, it's a superseding complaint with an --

THE COURT:  Right.  So, it's not a superseding information until today.

MR. BALDWIN:  Right.  Correct.

PSNY vs. WATSON - 4/18/2025                    13

MR. O'NEILL:  Correct.

THE COURT:  Okay.  So, let's see what we have here.

MR. WATSON:  Excuse me, Judge Weiner.  All right.

THE COURT:  So, Mr. Watson, are you contending that the accusatory instrument that was filed as a superseding information, but appears to have been merely a complaint as supplemented by the supporting deposition, which you've served and filed today, together constitute a superseding information?

MR. WATSON:  I don't understand a word you said, Your Honor.

THE COURT:  Mr. Watson.

MR. BALDWIN:  You said Mr. Watson by mistake, Judge.

MR. WATSON:  I don't understand what you talking about.

THE COURT:  Mr. O'Neill?

MR. O'NEILL:  Yes, Judge.

THE COURT:  Mr. Baldwin, you wish to be heard on whether the superseding complaint is supplement, which is, there's no such thing?

MR. BALDWIN:  Right.  Not at this --

THE COURT:  As supplemented by the supporting

deposition together constitute an information?

MR. BALDWIN: I have no -- I'm not having -- taking a position on that right now, Your Honor.

THE COURT: Okay.

MR. BALDWIN: I'll allow somebody else to address that in terms of motion practice, if that's fine.

THE COURT: Okay.

MR. WATSON: No such thing as what?

MR. BALDWIN: I'll explain it afterwards.

MR. WATSON: What did you say? I need to write this down. As what?

THE COURT: Hold on.

MR. WATSON: I want to write it down.

MR. BALDWIN: As a superseding complaint.

MR. WATSON: As a superseding complaint. Yeah, you just supervising me. I need to write. This is my constitutional -- I'm protected by constitution.

MR. BALDWIN: I know I can explain everything --

MR. WATSON: I'm protected by the constitution.

MR. BALDWIN: I'll explain everything --

MR. WATSON: No, not after. I need to speak to him as we doing this, counsel. Not after. Remember this my -- I'm Robert Watson. I'm the victim of 911. Police beat me up, Robert Watson, not you, counselor.

MR. BALDWIN: You're not charged with anything

related to --

MR. WATSON: I know it's not no charges, it's all civil.

MR. BALDWIN: This is charges, you're charged here.

MR. WATSON: That's civil.

MR. BALDWIN: This is a criminal court.

MR. WATSON: That's civil. I beg to differ with you. Now I know why I'm standing in the courts, but that is not a charge.

MR. BALDWIN: Okay

MR. WATSON: I know why I'm standing in the building.

MR. BALDWIN: Okay.

MR. WATSON: Straw man name been violated, and I told you that. You know the straw man name. I apologize, Your Honor.

THE COURT: I don't see that this is an information yet, Mr. O'Neill. There's still hearsay all over it.

MR. O'NEILL: Understood, Judge.

THE COURT: So, who's the assigned assistant in this case? Actually, you know what, let me withdraw that question. You might want to let the assigned assistant know that they've got a ways to go in making these

allegations conform to the requirements of Article 100.

MR. O'NEILL:  I will, Judge.

THE COURT:  Okay.

MR. WATSON:  Article 100.

THE COURT:  Of the criminal procedure law.

MR. WATSON:  Thank you.  100 of the criminal procedure law.  Thank you, Your Honor.

THE COURT:  You're welcome.

MR. WATSON:  And I apologize again.

THE COURT:  That's okay.

MR. WATSON:  I'm just a little nervous.

THE COURT:  Okay.  Don't worry.  No one's --

MR. WATSON:  I got PTSD.  I was in tower two when the plane hit, I am worried.

THE COURT:  Okay, Mr. Watson.  We're going to make sure that everything is handled correctly.

MR. WATSON:  And the police beat me up, so I am worried.

THE COURT:  Okay.

MR. WATSON:  It's not okay.  And can I have the minutes for these proceedings?

THE COURT:  You need to order that.  You can talk to Mr. Baldwin.  He can --

MR. WATSON:  All right.  I need the minute for this proceeding.

PSNY vs. WATSON - 4/18/2025                    17

THE COURT: Wait a second. You can speak to Mr. Baldwin and he can instruct you on how to get those minutes.

MR. WATSON: Thank you. I just want to speak on the record --

THE COURT: I understand.

MR. WATSON: -- Judge Weiner. Oh, Wiener, sorry.

THE COURT: That's okay.

MR. WATSON: I've been an optician for 30 years; I want to say your name right.

THE COURT: Okay. So, this matter needs to be that -- this matter being 834 still needs to be converted. What about docket ending 391?

MR. O'NEILL: I do not have anything to file for docket ending 391, Your Honor.

THE COURT: What is the situation on that one?

MR. O'NEILL: The situation --

THE COURT: Has that ever been converted?

MR. O'NEILL: I do not believe that it has, Your Honor. No.

THE COURT: So, we need a supporting deposition, or you need a supporting deposition on that. This matter is going to be going back downtown.

MR. BALDWIN: I'll just go over everything with you.

**Acolad**
61 Broadway — Suite 1400, New York, NY 10006
Phone: 212-346-6666 * Fax: 888-412-3655

MR. WATSON: No, I will, but I'm still going to write it, man. You still (inaudible). This is my proceeding, I'm not going to let (inaudible) So, what? I'm going to --

THE COURT: And so, it's going to be Part A. I think that the People need some time to get their paperwork in order on this case. What I'd like to do is put the case out a few weeks. Mr. Watson, we want to set a date downtown that's convenient for you. And --

MR. WATSON: There's nothing convenient by being downtown. I'm a victim of 911. My rights been violated, so give me a date.

THE COURT: Okay. Give a date between the 13th and the 16th of May that you'll be able to come back to court on.

MR. BALDWIN: There is a calendar right here from 13th to 16th.

MR. WATSON: All right.

MR. BALDWIN: What's a good day for you?

MR. WATSON: You just need to back up from me and I can do this.

MR. BALDWIN: Okay. I'm sorry. I'm just showing you the calendar.

MR. WATSON: No, you disrespecting me.

THE COURT: Which date?

PSNY vs. WATSON - 4/18/2025                    19

MR. BALDWIN:  I do that every day, man.  I'm just showing --

MR. WATSON:  You're not going to do that to me.

THE COURT:  Which date, Mr. Watson?

MR. WATSON:  From here the 16th?

MR. BALDWIN:  Yeah.

THE COURT:  May 16th?  Oh, 13th?

MR. WATSON:  No.  Hold on, please.

THE COURT:  13th to the 16th.

MR. WATSON:  Thank you.  Plane hit on a Tuesday -- Thursday, knowledge power, the 15th.  Knowledge power.

THE COURT:  Okay, May 15th.

MR. WATSON:  That's knowledge power, my father center.

THE COURT:  Docket 834 will be for superseding information and docket ending 391 will be for a supporting deposition.  You're still released on your own recognizance, Mr. Watson.

MR. WATSON:  I'm not -- I never was arrested.  They violated my rights, Your Honor.  I need to say that.  I got protected rights

THE COURT:  So, we'll see you back in part A on May 15th.  Be careful and stay safe.

MR. WATSON:  Now I do -- there's nothing to be careful, Your Honor, and that's racist to say that after

the police beat me up. But on this record, I'm going to say this.

MR. BALDWIN: That's your date. I think you got to go and highlight it.

MR. WATSON: He going to say -- you got a tax ID number I could write down, Your Honor?

THE COURT: Pardon me?

MR. WATSON: You have a tax ID number that I could use?

THE COURT: No.

MR. WATSON: All right. For this case? So, don't disrespect mine.

THE COURT: May 15th, back in part A. It's on the 4th floor.

MR. WATSON: Read your tax ID number for this record?

THE COURT: No.

MR. WATSON: All right. Don't disrespect me as a black man, please.

COURT OFFICER: All right. Thank you. That's the end of the matter. Step out, please.

MR. WATSON: I need these minutes.

MR. BALDWIN: You got to order them.

MR. WATSON: Yeah, I will order.

COURT OFFICER: Step out, please.

MR. WATSON:  Show me how to order.  He's not going to do that to me.  Released on your own (inaudible) that white man sitting behind that desk with his black robe and do that to me.  I'm leaving that racist --

(Proceeding Concluded.)

C E R T I F I C A T E

I, Pasquale Ciccone, certify that the foregoing transcript of proceedings in the Criminal Court of the City of New York, County of New York, Matter of People of the State of New York v. Robert Watson, Docket No. CR-023834-24/NY, was prepared using the required transcription equipment and is a true and accurate record of the proceedings.

*PasqualeCiccone*

04/30/2025



**DISTRICT COURT OF MARYLAND FOR**

LOCATED AT (COURT ADDRESS)

200 Duke St., Room 2200

Prince Frederick, MD 20678

**D-041-CR-23-000237**



| COMPLAINANT | DEFENDANT |
|---|---|

Dep.   Newton
Printed Name

30 Church St
Number and Street Address

Prince Frederick, MD 20678
City, State, and Zip Code                         Telephone

ZD   04                          7657
Agency, sub-agency, and I.D. #        (Officer Only)

Watson, Robert William Jr.
Printed Name

1827 ADAM CLAYTON POWELL JR BLVD 1A
Number and Street Address

New York, NY 10026                    (347)372-4050
City, State, and Zip Code                      Telephone

CC#  2023-00013865

DEFENDANT'S DESCRIPTION: Driver's License# 886603549 _____   Sex _M_ Race _B_ Ht _5'2_ Wt _165_

Hair _Bald_ Eyes _Brown_ Complexion _____ Other _____ D.O.B _06/17/1964_ ID _____

## APPLICATION FOR STATEMENT OF CHARGES         Page 1 of __2__

I, the undersigned, apply for statement of charges and a summons or warrant which may lead to the arrest of the above named Defendant because on or about _02/28/2023_ at _3565 Sauvignon Ln, Chesapeake Beach_
                                                        Date                                  Place
Calvert County, Maryland 20732 _____, the above named Defendant

(Concise statement of facts showing that there is probable cause to believe that a crime has been committed and that the Defendant has committed it):

On 02-28-2023 at approximately 1317 hours, the Calvert County Control Center dispatched the report of a Violation of Exparte at the residence of 3565 Sauvignon Ln, Chesapeake Beach, MD 20732. The complainant, later identified as Knikesha Lashawn Banks, DOB (09-11-1978), advised that she was contacted by a male subject, identified as Robert William Watson, DOB (06-17-1964), by email. Banks advised that she has an active final peace

(Continued on attached ___2___ pages) (DC/CR 1A)

I solemnly affirm under the penalties of perjury that the contents of this Application are true to the best of my knowledge, information and belief.

_62-18-2023_                            Dep.   Newton, 7657
Date                                                    Officer's Signature

I have read or had read to me and I understand the Notice on the back of this form.

_____
Date                                                Applicant's Signature

Subscribed and sworn to before me this __28__ day of __February__ __2023__

Time: __0:15__ PM    Judge/Commissioner _____        __ID__

I understand that a charging document will be issued and that I must appear for trial ☐ on _____
at _____, ☐ when notified by the Clerk, at the Court location shown at the top of this form.
      Time

Applicant's Signature

☐ I have advised applicant of shielding right.  ☐ Applicant declines shielding.
☐ I declined to issue a charging document because of lack of probable cause.

_____          _____
Date                                          Commissioner          ID.

TRACKING NUMBER

DC/CR 1 (Rev. 12/2006)

*3,000 341224*

Registered MailNumber *9589 0710 5270* ~~0376 0349 88~~

*12*

**Affidavit of (Robert William Watson, Jr.)- Page One of Three**

**Affidavit of Denial of Corporation Existence of (Robert William Watson)**

One, Robert William Watson, the live Man and (New York), Exempt (hereinafter "Affiant"), declares and states that the following facts are true and to the best of my knowledge and belief and which One has first hand knowledge of the matters stated herein. One, (Robert William Watson), is of age of majority and competent to testify on the matters stated herein. If any man or woman desires to answer this Affidavit, please do so in the manner of this instrument. By Notarized, address using your Christian or family name for signature and mail to the below named Notary, address provided, within five (5) days or default will be obtained. Your hand-written signature only, do not type it out.

1. Affiant hereby denies that the following corporation exists and their capacity to sue or be sued, is challenged by negative averment pursuant to F.R.C.P. (9):

   THE UNITED STATES, a.k.a. THE UNITED STATES OF AMERICA
   THE STATE OF (NEW YORK)
   THE COUNTY OF (NEW YORK),
   (NEW YORK) CITY,
   THE BAR ASSOCIATIONS,
   THE UNITED STATES DISTRICT COURT
   (ROBERT WILLIAM WATSON) of (1827 Adam Clayton Powell Jr. Blvd, Apt 1A),
   (NEW YORK), (NEW YORK) and
   All other Corporate Members who are, or may be associated with any Complaints Against my natural body.

2. One, (Robert William Watson) has no Contract with the State or Federal governments, which give Equity Jurisdiction to the Courts. One has no bank account, no credit cards.

3. One has rescinded the government's Social Security Number and any present or future benefits of that socialist system for religious conviction.

4. One, (Robert William Watson), has no International Maritime Agreement with the State of (NEW YORK) or Federal governments, either intentionally, willing or knowingly, which would give Admiralty or Vice Admiralty jurisdiction to the Courts of either the state of federal governments and does not voluntarily submit to any of those jurisdictions.

1

Registered MailNumber _9589 0710 5220 0346 1390 80 30050 3412 24_

5. One, (Robert William Watson) is subject only to the common law of the republic state of (NEW YORK) and United States of America and is not subject to any Corporation or its system of Administrative Law.

6. One, (Robert William Watson), is not a Corporation or Member of a Corporation, a Trustee or Beneficiary of any Trust created by government, is not a legal fiction or jurisdiction personality and refutes any unknown nexus which might attach him to any such entity or jurisdiction.

7. One, (Robert William Watson) cannot be held in involuntary Servitude or Peonage pursuant to Thirteenth Amendment to the United States Constitution.

8. One cannot be held is surety or collateral for any Bankruptcy of the corporate Federal or State governments for his participation in any bankruptcy scheme of the Federal or State governments without my permission, which has never been given.

9. One, (Robert William Watson) has never applied for Bankruptcy and never given permission to the State of Federal governments for his participation in any bankruptcy scheme of the Federal or State governments or the Federal Reserve Bank, Inc.

10. One (Robert William Watson) is a live natural Man, living upon the soil of the sovereign Republic of (New York).

11. One (Robert William Watson) is not subject to federal law legislated by Congress under its authority of Article IV of the Constitution for the United States or state or federal Admiralty/Equity juridical jurisdiction.

12. One (Robert William Watson) is subjected only to law legislated by Congress under its authority of Article I of the Constitution for the United States, if the law has complied with the Paperwork Reduction Act, the Administrative Procedures Act and the Federal Register Act, which would specifically identify the law as being applicable to the general population of the fifty union States of America.

13. One (Robert Wiilliam Watson) is subject only to a republican Form of Government, pursuant to the national Constitution and the Constitution for the United States of America, not under a corporate Municipal form or quasi-Military form of government known as either a Democracy or Marital Rule.

2

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons



# UNITED STATES DISTRICT COURT
## for the

District of _____

| | |
|---|---|
| ............WATSON.........._____ ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 25-CV-2520 |
| )| |
| ........_SWAIN_.............._____ ) | |
| *Defendant* ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: JUDGE LOUIS L. STANTON, USDC SDNY 100 CENTRE STREET NEW YORK, NY 10007
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____6/3/2025_____

/s/ Robert Watson 911s11696
*Signature of the attorney or unrepresented party*

ROBERT WILLIAM WATSON JR
*Printed name*
RE VCF0104772 1827 ADAM CLAYTON POWELL
JR BLVD 1A NEW YORK NY 10026

*Address*

911s11696robertwatson@gmail.com
*E-mail address*

9177969849
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)  Civil Action No. 25-CV-2520<br>)<br>) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: JUDGE MORELL CRIMINAL COURT OF NEW YORK 100 CENTRE STREET NEW YORK NY 10027
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  30  days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:    6/3/2025

*b/ Robert Watson 911s11696*
*Signature of the attorney or unrepresented party*

ROBERT WILLIAM WATSON JR
*Printed name*
RE VCF0104772 1827 ADAM CLAYTON POWELL JR BLVD 1A NEW YORK NY 10026

*Address*

911s11696robertwatson@gmail.com
*E-mail address*

9177969849
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the

_____ District of _____

WATSON )
*Plaintiff* )
v. )    Civil Action No. 25-CV-2520
)
SWAIN )
*Defendant* )

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: MATTHEW W. DALOISIO SUPERVIVING ATTORNEY- ARRAIGNMENT - 317 MALCOM X BLVD, 10FL NEW YORI
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:    6/3/2025

*by Robert Watson - RW Marketing LLC*
*Signature of the attorney or unrepresented party*

ROBERT WILLIAM WATSON JR
*Printed name*
RE VCF0104772 1827 ADAM CLAYTON POWELL
JR BLVD 1A NEW YORK NY 10026

*Address*

911s11696robertwatson@gmail.com
*E-mail address*

9177969849
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

WATSON
_Plaintiff_

v.

SWAIN
_Defendant_

)
)
)
)
)

Civil Action No. 25-CV-2520

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: JUDGE RYAN, DISTRICT COURT OF MARYLAND FOR CALVERT COUNTY, 200 DUKE STREET PRINCE FREDI
_(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)_

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days _(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)_ from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: ___6/3/2025___

_/s/Robert Watson -RW Marketing LLC_
_Signature of the attorney or unrepresented party_

ROBERT WILLIAM WATSON JR
_Printed name_
RE VCF0104772 1827 ADAM CLAYTON POWELL
JR BLVD 1A NEW YORK NY 10026


_Address_

911s11696robertwatson@gmail.com
_E-mail address_

9177969849
_Telephone number_

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)<br>)<br>) |

Civil Action No. 25-CV-2520

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: BENJAMIN H. TORRANCE 86 CHAMBERS STREET NEW YORK, NY 10007
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____6/3/2025_____

/s/Robert Watson - RW Marketing LLC
*Signature of the attorney or unrepresented party*

ROBERT WILLIAM WATSON JR
*Printed name*
RE VCF0104772 1827 ADAM CLAYTON POWELL JR BLVD 1A NEW YORK NY 10026

*Address*

911s11696robertwatson@gmail.com
*E-mail address*

9177969849
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| WATSON<br>_Plaintiff_<br>v.<br>SWAIN<br>_Defendant_ | )<br>)<br>)<br>)<br>)  Civil Action No. 25-CV-2520 |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  JUDGE RYAN - CRIMINAL COURT OF NEW YORK 100 CENTRE STREET NEW YORK NY 10007
_(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)_

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days _(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)_ from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: ___6/3/2025___

/s/ Robert Watson - RW Marketing LLC
_Signature of the attorney or unrepresented party_

ROBERT WILLIAM WATSON JR
_Printed name_
RE VCF0104772 1827 ADAM CLAYTON POWELL
JR BLVD 1A NEW YORK NY 10026

_Address_

911s11696robertwatson@gmail.com
_E-mail address_

9177969849
_Telephone number_

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)  Civil Action No. 25-CV-2520<br>)<br>) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: JUDGE LAURA TAYLOR SWAIN CRIMINAL COURT OF NEW YORK 100 CENTRE STREET NEW YORK NY 1000
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___30___ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: ___6/3/2025___

*By Robert Watson - RW Marketing LLC*
*Signature of the attorney or unrepresented party*

ROBERT WILLIAM WATSON JR
*Printed name*
RE VCF0104772 1827 ADAM CLAYTON POWELL
JR BLVD 1A NEW YORK NY 10026

*Address*

911s11696robertwatson@gmail.com
*E-mail address*

9177969849
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the

_____ District of _____

WATSON
*Plaintiff*

v.

SWAIN
*Defendant*

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE LAURA TAYLOR SWAIN
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

  I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

  I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

  I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   6|3|2025  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

         /s/ Robert Watson - RW Marketing LLC
           *Signature of the attorney or unrepresented party*

JUDGE LAURA TAYLOR SWAIN
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

  Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

  "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

  If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

  If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
### _____ District of _____

WATSON
*Plaintiff*
v.
SWAIN
*Defendant*

)
)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE RYAN
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  6\3\2025 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson - RW Marketing LLC
*Signature of the attorney or unrepresented party*

JUDGE RYAN
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

WATSON
_Plaintiff_

v.

SWAIN
_Defendant_

) 
) 
) 
) 
) 
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: BENJAMIN H. TORRANCE
    _(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson - RW Marketing LLC
_Signature of the attorney or unrepresented party_

BENJAMIN H. TORRANCE
_Printed name of party waiving service of summons_

ROBERT WATSON RW MARKETING LLC
_Printed name_
Robert Watson 1827 ADAM CLAYTON POWELL JR
BLVD APT 1A NEW YORK NY 10026

_Address_

911S116969robertwatson@gmail.com
_E-mail address_

9796984917
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)<br>)<br>)    Civil Action No. 25-CV-2520 |

## WAIVER OF THE SERVICE OF SUMMONS

To:  JUDGE SANDERS
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    6|3|2025   , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

              */s/ Robert Watson - RW Marketing LLC*
                 *Signature of the attorney or unrepresented party*

        JUDGE SANDERS
    *Printed name of party waiving service of summons*

            ROBERT WATSON RW MARKETING LLC
                     *Printed name*
        Robert Watson 1827 ADAM CLAYTON POWELL JR
        BLVD APT 1A NEW YORK NY 10026

                         *Address*

        911S116969robertwatson@gmail.com
                     *E-mail address*

               9796984917
               *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

WATSON
_Plaintiff_

v.

SWAIN
_Defendant_

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: ~~MATTHEW W. TORRANCE~~ BENJAMIN H. TORRANCE
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    6/3/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

BENJAMIN H. TORRANCE
~~MATTHEW H. TORRRANCE~~
*Printed name of party waiving service of summons*

/s/ Robert Watson - RW Marketing LLC
*Signature of the attorney or unrepresented party*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR
BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

WATSON
_Plaintiff_

v.

SWAIN
_Defendant_

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: MATTHEW W, DALOISIO
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from      6|3|2025      , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_/s/ Robert Watson -RW Marketing LLC_
_Signature of the attorney or unrepresented party_

MATTHEW H. DALOISIO
_Printed name of party waiving service of summons_

ROBERT WATSON RW MARKETING LLC
_Printed name_
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

_Address_

911S116969robertwatson@gmail.com
_E-mail address_

9796984917
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| WATSON <br> *Plaintiff* | ) <br> ) |
| v. | )    Civil Action No. 25-CV-2520 |
| SWAIN <br> *Defendant* | ) <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE MORELL
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____ 6 | 3 | 2025 _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson RW MARKETING LLC
*Signature of the attorney or unrepresented party*

JUDGE MORELL
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

_____
*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

|  |  |
|---|---|
| WATSON <br> *Plaintiff* <br> v. <br> SWAIN <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 25-CV-2520 <br> ) <br> ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  JUDGE MORELL
        *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        6/3/2025        , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
JUDGE MORELL
*Printed name of party waiving service of summons*

/s/ Robert Watson - R W Marketing LLC
*Signature of the attorney or unrepresented party*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR
BLVD APT 1A NEW YORK NY 10026

_____
*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| WATSON | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 25-CV-2520 |
| SWAIN | ) | |
| _Defendant_ | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE JAY WEINER
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_/s/Robert Watson -RW Marketing LLC_
_Signature of the attorney or unrepresented party_

JUDGE JAY WEINER
_Printed name of party waiving service of summons_

ROBERT WATSON RW MARKETING LLC
_Printed name_
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

_Address_

911S116969robertwatson@gmail.com
_E-mail address_

9796984917
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

WATSON
_Plaintiff_

v.

SWAIN
_Defendant_

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: LOUIS L. STANTON
_(Name of the plaintiff's attorney or unrepresented plaintiff)_

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    6/3/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson - RW Merketing LLC
_Signature of the attorney or unrepresented party_

LOUIS L. STANTON
_Printed name of party waiving service of summons_

ROBERT WATSON RW MARKETING LLC
_Printed name_
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

_Address_

911S116969robertwatson@gmail.com
_E-mail address_

9796984917
_Telephone number_

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br><br>v.<br><br>SWAIN<br>*Defendant* | )<br>)<br>)  Civil Action No. 25-CV-2520<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: TAMMI M. HELLWIG
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   6/3/2025  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                            */s/ Robert Watson - RW Marketing LLC*
                                                    *Signature of the attorney or unrepresented party*

        TAMMI M. HELLWIG
   *Printed name of party waiving service of summons*

                ROBERT WATSON RW MARKETING LLC
                              *Printed name*
        Robert Watson 1827 ADAM CLAYTON POWELL JR
        BLVD APT 1A NEW YORK NY 10026

                                           *Address*

            911S116969robertwatson@gmail.com
                               *E-mail address*

                           9796984917
                              *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

WATSON
*Plaintiff*

v.

SWAIN
*Defendant*

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: TAMMI M. HELLWIG
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     6/3/2025     , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:
_____

/s/ *Robert Watson - RW Marketing LL*
*Signature of the attorney or unrepresented party*

TAMMI M. HELLWIG
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
Robert Watson 1827 ADAM CLAYTON POWELL JR
*Printed name*
BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: LOUIS L. STANTON
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    6/3/2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson - RW Merketing LLC
*Signature of the attorney or unrepresented party*

LOUIS L. STANTON
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

WATSON
*Plaintiff*

v.

SWAIN
*Defendant*

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE JAY WEINER
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson -RW Marketing LLC
*Signature of the attorney or unrepresented party*

JUDGE JAY WEINER
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

WATSON )
*Plaintiff* )
v. )  Civil Action No. 25-CV-2520
SWAIN )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE MORELL
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        6/3/2025        , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_s/Robert Watson - R W Marketing LLC_
*Signature of the attorney or unrepresented party*

JUDGE MORELL
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL J R
BLVD APT 1A NEW YORK NY 10026

*Address*

9115116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)   Civil Action No. 25-CV-2520<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE MORELL
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from    6 | 3 | 2025    , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                  /s/ Robert Watson RW MARKETING LL
                                          *Signature of the attorney or unrepresented party*

          JUDGE MORELL
    *Printed name of party waiving service of summons*

                       ROBERT WATSON RW MARKETING LLC
                                    *Printed name*
          Robert Watson 1827 ADAM CLAYTON POWELL JR
              BLVD APT 1A NEW YORK NY 10026

                                       *Address*

             9115116969robertwatson@gmail.com
                            *E-mail address*

                              9796984917
                            *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff* | ) |
| v. | ) Civil Action No. 25-CV-2520 |
| SWAIN<br>*Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: MATTHEW W. DALOISIO
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____ 6 | 3 | 2025 _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson — RW Marketing LLC
*Signature of the attorney or unrepresented party*

MATTHEW H. DALOISIO
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR BLVD APT 1A NEW YORK NY 10026

*Address*

9115116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

·AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)  Civil Action No. 25-CV-2520<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: MATTHEW W. TORRANCE
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   6/3/2025  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                      /s/ Robert Watson -RW Marketing LLC
                                        *Signature of the attorney or unrepresented party*

     MATTHEW H. TORRRANCE              ROBERT WATSON RW MARKETING LLC
 *Printed name of party waiving service of summons*           Robert Watson 1827 ADAM CLAYTON POWELL J R
                                          *Printed name*
                                     BLVD APT 1A NEW YORK NY 10026

                                            *Address*

                       911S 116969robertwatson@gmail.com
                                  *E-mail address*

                                  9796984917
                                  *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

WATSON
*Plaintiff*

v.

SWAIN
*Defendant*

)
)
)
)
)

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE SANDERS
  *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from        6|3|2025        , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

*By Robert Watson -RW Marketing LLC*
*Signature of the attorney or unrepresented party*

JUDGE SANDERS
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR
BLVD APT 1A NEW YORK NY 10026

*Address*

911S 116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br><br>v.<br><br>SWAIN<br>*Defendant* | )<br>)<br>)  Civil Action No. 25-CV-2520<br>)<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: BENJAMIN H. TORRANCE
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

            /s/ Robert Watson –RW Marketing LLC
            *Signature of the attorney or unrepresented party*

    BENJAMIN H. TORRANCE
*Printed name of party waiving service of summons*

      ROBERT WATSON RW MARKETING LLC
            *Printed name*
    Robert Watson 1827 ADAM CLAYTON POWELL JR
    BLVD APT 1A NEW YORK NY 10026

            *Address*

    911S116969robertwatson@gmail.com
            *E-mail address*

          9796984917
          *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br>v.<br>SWAIN<br>*Defendant* | )<br>)<br>)   Civil Action No. 25-CV-2520<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: JUDGE RYAN
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   6\3\2025  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson - RW Marketing LLC
        *Signature of the attorney or unrepresented party*

        JUDGE RYAN
*Printed name of party waiving service of summons*

    ROBERT WATSON RW MARKETING LLC
        *Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR
    BLVD APT 1A NEW YORK NY 10026

        *Address*

    911S116969robertwatson@gmail.com
        *E-mail address*

        9796984917
        *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
## for the

_____ District of _____

| | |
|---|---|
| WATSON<br>*Plaintiff*<br><br>v.<br><br>SWAIN<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 25-CV-2520

## WAIVER OF THE SERVICE OF SUMMONS

To:  JUDGE LAURA TAYLOR SWAIN
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __6|3|2025_____ , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

/s/ Robert Watson - RW Marketing LLC
*Signature of the attorney or unrepresented party*

JUDGE LAURA TAYLOR SWAIN
*Printed name of party waiving service of summons*

ROBERT WATSON RW MARKETING LLC
*Printed name*
Robert Watson 1827 ADAM CLAYTON POWELL JR
BLVD APT 1A NEW YORK NY 10026

*Address*

911S116969robertwatson@gmail.com
*E-mail address*

9796984917
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

6/3/2025 10:31AM

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF _____ NEW YORK

WATSON

V.

SWAIN

## EXHIBIT AND WITNESS LIST

Case Number: 25-CV-2520 (LTS)

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| LOUIS L. STANTON | ROBERT WILLIAM WATSON, PRO SE | |
| TRIAL DATE (S) | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 6/3/2025 | Yes | Yes | CIVIL COVER SHEET |
| 2 | | 6/3/2025 | Yes | Yes | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION |
| 3 | | 6/3/2025 | Yes | Yes | APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS |
| 4 | | 6/3/2025 | Yes | Yes | Request for Hearing: In Commmon Law of Equity |
| 5 | | 6/3/2025 | Yes | Yes | 24-CV-6916 (LTS) ORDER OF DISMISSAL |
| 6 | | 6/3/2025 | Yes | Yes | 24-CV-6826 (LTS) ORDER OF DISMISSAL WITH LEAVE TO REPLEAD |
| 7 | | 6/3/2025 | Yes | Yes | Re: Victim Compensation Fund |
| 8 | | 6/3/2025 | Yes | Yes | Re: VCF Claim Number: VCF0104772 ROBERT WATSON |
| 9 | | 6/3/2025 | Yes | Yes | Re: VCF Claim Number: VCF0225438 EVELYN WATSON |
| 10 | | 6/3/2025 | Yes | Yes | PEOPLE V ROBERT WATSON CR-023834-24/NY |
| 11 | | 6/3/2025 | Yes | Yes | DISTRICT COURT OF MARYLAND FOR CALVERT COUNTY -D-041-CR-023835-24/NY |
| 12 | | 6/3/2025 | Yes | Yes | AFFIDAVIT OF ROBERT WATSON |
| 13 | | 6/3/2025 | Yes | Yes | NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS |
| 14 | | 6/3/2025 | Yes | Yes | WAVIER OF THE SERVICE OF SUMMONS |
| 15 | | 6/3/2025 | Yes | Yes | CERIFICATE OF SERVICE |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Plaintiff Name Here

Robert William Watson Jr.,                    /s/ *[signature]*

Without Prejudice UCC 1-308

STATE OF NEW YORK

COUNTY OF NEW YORK

On this _____ day of _____, in the year _____, before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or person upon be half of which the individual(s) acted, executed the instrument.

_____.

Notary Public State of New York

My Commission Expires:_____

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*THE WHITE HOUSE*
*1600 Pennsylvania Avenue*
*Washington D.C. 20500*

9590 9402 6510 0346 0653 90

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

USOD Mail Operation

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

PS Form 3811, July 2020 PSN 7530-02-000-9053

---

 World Trade Center Health Program

**Robert Watson**

**WTC Health Program Member ID:**
**911S11696**

This is not an insurance card and should only be used to seek approved WTC Health Program benefits.

---

 **NATIONAL ACTION NETWORK**
OFFICIAL MEMBERSHIP CARD

**ROBERT WATSON**
Member Number:0029092
Chapter: NATIONAL
Valid Until:8/12/2022

REV. AL SHARPTON
PRESIDENT & FOUNDER

REV. DR. W. FRANKLYN RICHARDSON II
CHAIRMAN OF THE BOARD

30 YEARS OF FIGHTING FOR EQUALITY

Registered MailNumber _9589 0710 5270 ~~0376 0399-88~~_ 3000253

**Affidavit of (Robert William Watson, Jr.)- Page One of Three**

**Affidavit of Denial of Corporation Existence of (Robert William Watson)**

One, Robert William Watson, the live Man and (New York), Exempt (hereinafter "Affiant"), declares and states that the following facts are true and to the best of my knowledge and belief and which One has first hand knowledge of the matters stated herein. One, (Robert William Watson), is of age of majority and competent to testify on the matters stated herein. If any man or woman desires to answer this Affidavit, please do so in the manner of this instrument. By Notarized, address using your Christian or family name for signature and mail to the below named Notary, address provided, within five (5) days or default will be obtained. Your hand-written signature only, do not type it out.

1.  Affiant hereby denies that the following corporation exists and their capacity to sue or be sued, is challenged by negative averment pursuant to F.R.C.P. (9):

    THE UNITED STATES, a.k.a. THE UNITED STATES OF AMERICA
    THE STATE OF (NEW YORK)
    THE COUNTY OF (NEW YORK),
    (NEW YORK) CITY,
    THE BAR ASSOCIATIONS,
    THE UNITED STATES DISTRICT COURT
    (ROBERT WILLIAM WATSON) of (1827 Adam Clayton Powell Jr. Blvd, Apt 1A),
    (NEW YORK), (NEW YORK) and
    All other Corporate Members who are, or may be associated with any Complaints Against my natural body.

2.  One, (Robert William Watson) has no Contract with the State or Federal governments, which give Equity Jurisdiction to the Courts. One has no bank account, no credit cards.

3.  One has rescinded the government's Social Security Number and any present or future benefits of that socialist system for religious conviction.

4.  One, (Robert William Watson), has no International Maritime Agreement with the State of (NEW YORK) or Federal governments, either intentionally, willing or knowingly, which would give Admiralty or Vice Admiralty jurisdiction to the Courts of either the state of federal governments and does not voluntarily submit to any of those jurisdictions.

1

Registered MailNumber *9589 0710 5220 0347-1322 88* 3000 3412 24

5. One, (Robert William Watson) is subject only to the common law of the republic state of (NEW YORK) and United States of America and is not subject to any Corporation or its system of Administrative Law.

6. One, (Robert William Watson), is not a Corporation or Member of a Corporation, a Trustee or Beneficiary of any Trust created by government, is not a legal fiction or jurisdiction personality and refutes any unknown nexus which might attach him to any such entity or jurisdiction.

7. One, (Robert William Watson) cannot be held in involuntary Servitude or Peonage pursuant to Thirteenth Amendment to the United States Constitution.

8. One cannot be held is surety or collateral for any Bankruptcy of the corporate Federal or State governments for his participation in any bankruptcy scheme of the Federal or State governments without my permission, which has never been given.

9. One, (Robert William Watson) has never applied for Bankruptcy and never given permission to the State of Federal governments for his participation in any bankruptcy scheme of the Federal or State governments or the Federal Reserve Bank, Inc.

10. One (Robert William Watson) is a live natural Man, living upon the soil of the sovereign Republic of (New York).

11. One (Robert William Watson) is not subject to federal law legislated by Congress under its authority of Article IV of the Constitution for the United States or state or federal Admiralty/Equity juridical jurisdiction.

12. One (Robert William Watson) is subjected only to law legislated by Congress under its authority of Article I of the Constitution for the United States, if the law has complied with the Paperwork Reduction Act, the Administrative Procedures Act and the Federal Register Act, which would specifically identify the law as being applicable to the general population of the fifty union States of America.

13. One (Robert Wiilliam Watson) is subject only to a republican Form of Government, pursuant to the national Constitution and the Constitution for the United States of America, not under a corporate Municipal form or quasi-Military form of government known as either a Democracy or Marital Rule.

2

Registered MailNumber _9589 0110 5220 0376 2399 88_

**Further Affiant says not.**

_Robert Watson_

(Robert William Watson), in sui juris Capacity

### Notarial Certification

On this _____ day of_____, A.D. 2025, a live Man who identified his Self as (Robert William Watson) appeared before me, A Notary Public for the STATE OF (NEW YORK) and attested to the truth of this affidavit with his private Seal and Signature.

_____

Name of Notary and his Address

3





**RECEIVED**
JUN - 5 2025
**PRO SE OFFICE**

**RECEIVED**
JUN 5 2025
CLERKS OFFICE
S.D.N.Y

OP OF ENVELOPE TO THE RIGHT
DRESS, FOLD AT DOTTED LINE

**IED MAIL**



70 3000 3412

**RECEIVED**
JUN - 4 2025
CLERK'S OFFICE
S.D.N.Y.





| US POSTAGE IMI | 023350603120534 | 2000391767 |
|---|---|---|
| $17.97 SSK PM | | |

06/03/25    Mailed from 10026    028W2311557

# PRIORITY MAIL®

ROBERT W WATSON
1827 ADAM CLAYTON BLVD APT 1A NY
1827 ACP JR BLVD APT 1A
NEW YORK NY 10026

1 lb 3.72 oz

**RDC 03**

RETURN RECEIPT REQUESTED

EXPECTED DELIVERY DAY: 06/05/25

C099

SHIP
TO:

**CRIMINAL COURT**
**500 PEARLE STREET**
**500 PEARL ST**
**NEW YORK NY 10007-1316**



## USPS CERTIFIED MAIL®

9502 6067 1801 5154 2927 15

