UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT WATSON AKA ROBERT WILLIAM WATSON AS HEIR, DEVISEE, DISTRIBUTEE OF THE ESTATE OF EVELYN WATSON,

                Plaintiff,

-against-

JUDGE LAURA TAYLOR SWAIN; JUDGE RYAN; PROSECUTOR BENJAMIN H. TORRANCE; STATE OF NEW YORK; JUDGE SANDERS, STATE OF MARYLAND FOR CALVERT COUNTY; MATTHEW W. DALOISIO, SUPERVISING ATTORNEY-ARRAIGNMENT; JUDGE MORELL; JUDGE JAY WIENER; LOUIS L. STANTON, UNITED STATES DISTRICT JUDGE; TAMMI M. HELLWIG, CLERK OF COURT, DEPUTY CLERK,

                Defendants.

25-CV-2520 (KMW)

ORDER OF DISMISSAL

---

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging Defendants violated his rights. On March 20, 2025, Plaintiff filed the complaint commencing this action. (ECF No. 1.) On June 4, 2025, Plaintiff filed a document naming additional defendants and asserting different allegations. In light of Plaintiff's *pro se* status, the Court construes the complaint and Plaintiff's additional filing (ECF Nos. 1, 5) as a single, operative pleading. By Order dated July 24, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 17) The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts grant to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**BACKGROUND**

In the original complaint filed in this action, Plaintiff named as defendants Chief Judge Laura Taylor Swain of this court; Judge Ryan; "Prosecutor Benjamin H. Torrance"; the State of New York; Judge Sanders; and "State of Maryland for Calvert County." (ECF No. 1 at 1.) On June 4, 2025, Plaintiff filed a 109-page document labeled, "Demand for 3.5 Million in Sanction Pursuant to Rule 11. Criminal Statues [sic] are Missing the Three Elements Needed to be Valid Laws, and the Judge Has a Conflict of Interest in this Case." (ECF No. 5 at 1.) The caption of that document includes the defendants named in the complaint, but also adds as defendants Matthew W. Daloisio, whom Plaintiff describes as "Supervising Attorney-Arraignment"; Judge Morell; Judge Jay Weiner, Judge Louis L. Stanton of this court; and Tammi M. Hellwig, the Clerk of this court. As stated above, the Court construes the complaint, ECF No. 1, and the additional document, ECF No. 5, as a single, operative pleading.

Plaintiff's submissions contain a wide range of summaries of legal principles, seemingly unrelated assertions, and demands that appear to have little connection, if any, to the named defendants. For example, Plaintiff states:

> The claim is brought forward in Common Law, "Administrative Law," "Equity," and Under the Uniform Commercial code. This 42 U.S. Code Sec. 1983 Civil Action Claim is for Deprivation of Civil Rights Under Color of Law. This claim is for 20- Million Dollars, to revoke the state courts judge's license to practice law, to be granted the Prosecutor's Assets, and to be granted judgement in full to be paid collectively.

(ECF No. 1 at 2.)

Plaintiff "demands complete control of the state court's corporate charter and to have all records of the alleged criminal charges and arrest removed from the record including jail time." (*Id.*) He also "demands the court to order the [unspecified] police officer not to have contact

3

with the plaintiff without a police corporate supervisor present," as well as "the arrest of Felipe Solis for assault."[1] (*Id.*) Plaintiff appears to refer to an incident in traffic court. He alleges:

> No corporation can legally give it self-judicial authority. It appears traffic court judge is not a real judge with legal authority and is participating in the misconduct of making a legal determination as an administrative judge without jurisdiction. The plaintiff did not get a fair and impartial procedure in the municipal court of state court process.

(*Id.*)

Plaintiff further asserts, without providing additional context, that "[l]awyers and attorneys are NOT licensed to practice law," the "practice of law CAN NOT b[e] licensed by any state/State," and the "practice of Law is AN OCCUPATION OF COMMON RIGHT!" (*Id.* at 7 (capitalization in original).)

Plaintiff's supplemental filing contains similarly unrelated assertions and statements. For example, Plaintiff states that he believes an unspecified court has "[h]as [n]o [c]riminal [j]urisdiction" because

> [a]cts committed within the state of New York, whether for good or bad purposes, or whether with honest or criminal intent, cannot be an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States.

(ECF No. 5 at 2.) He also asserts that the court has no civil jurisdiction because it "lacked jurisdiction to get involved in the case as there was no injured party, and the criminal status is not a valid law. (*Id.* at 4.)

Plaintiff appears to suggest that he is seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure against an unidentified lawyer:

> Sanctions would be appropriate if either the pre-filing investigation was unreasonable or the pre-filing investigation was reasonable, but the claims were

---

[1] Plaintiff does not name Solis as a defendant and alleges no other facts describing Solis's role in the events giving rise to his claims.

> baseless. The attorneys conspired with the state and the judge to commit real estate deed fraud and illegally foreclosure on private property. This attorney in this case lied on the complaint to deceive the court into thinking it had jurisdiction. This attorney failed [to] review relevant documents in the public record or available to the client whereby sanction should be granted. The attorney failed to file the original contract with the court whereby the Court Lacked Jurisdiction to render judgement on the matter.

(*Id.* at 9-10.)

Plaintiff attaches voluminous documents, including orders dismissing prior cases he filed in this court (*id.* at 28-34; 38-46); correspondence with an attorney and the Special Master for the September 11th Victim Compensation Fund (*id.* at 49-51); a transcript from a proceeding before Judge Jay Weiner in the Criminal Court of the City of New York, County of New York (*id.* at 52-72);[2] a criminal complaint against Plaintiff filed in the District Court of Maryland (*id.* at 73); and an "Affidavit of Denial of Corporation Existence" in which Plaintiff declares, among other things, that he has "no Contract with the State or Federal governments, which give Equity Jurisdiction to the Courts," he has "rescinded the government's Social Security Number and any present or future benefits of that socialist system for religious conviction," and that he is "subjected only to law legislated by Congress under its authority of Article I of the Constitution for the United States, if the law has complied with the Paperwork Reduction Act, the Administrative Procedures Act and the Federal Register Act" (*id.* at 74-75).

---

[2] Public records maintained by the New York State Unified Court System show that Plaintiff has two ongoing criminal matters in the New York Criminal Court. *See People v. Watson*, Index Nos. CR-10391-25NY and CR-23834-24NY. Defendant Matthew Daloisio is Plaintiff's appointed public defender in one of the proceedings; Defendants Judge Ryan and Judge Weiner have presided over proceedings in Plaintiff's criminal matters.

## DISCUSSION

### A.  Plaintiff's Claims Are Frivolous

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff's allegations are incoherent. He demands tens of millions of dollars, as well as "complete control of the state court's corporate charter," and to be granted "the Prosecutor's assets," among other relief, and he appears to assert that courts and attorneys have no legal authority under the Constitution. The Court is unable to identify (1) any legal basis for his claims against Defendants, who include state and federal judges, criminal defense attorneys, prosecutors, and the State of New York, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). A court, however, has the inherent power to dismiss without leave to amend or replead "where the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citations omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123 (2d Cir. 2011); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims are frivolous and amendment would be futile, the Court declines to grant Plaintiff leave to amend.

B.     **Plaintiff's Litigation History and Warning**

Plaintiff has filed numerous actions in this court that have been dismissed for failure to state a claim on which relief may be granted, as duplicative, or for failing to pay the filing fees or submit an application to proceed IFP.  *See Watson v. Gateway Props. LLP*, No. 25-CV-1955, ECF No. 21 (S.D.N.Y. July 23, 2025) (Swain, C.J.) (dismissed for failure to state a claim on which relief may be granted, with 30 days' leave to replead); *Watson v. Wilhelm*, No. 24-CV-6826, ECF No. 11 (S.D.N.Y. July 1, 2025) (Swain, C.J.) (dismissed for failure to state a claim on which relief may be granted after Plaintiff failed to file an amended complaint to cure deficiencies in the original pleading); *Watson v. Sharpton*, No. 24-CV-6916, ECF No. 6 (S.D.N.Y. May 21, 2025) (Stanton, J.) (dismissed for failure to state a claim and as duplicative of No. 24-CV-6826, with a warning that further frivolous or duplicative litigation may lead to an order to show cause why a filing injunction should not issue); *Watson v. Earl*, No. 25-CV-2519, ECF No. 6 (S.D.N.Y. May 7, 2025) (Swain, C.J.) (dismissed for failure to pay filing fees or file IFP application); *Watson v. NYPD*, No. 24-CV-6875 (S.D.N.Y. Sept. 19, 2024) (Swain, C.J.) (dismissed as duplicative of No. 24-CV-6826), *appeal dismissed*, No. 24-2820 (2d Cir. Jan. 6, 2025) (dismissing appeal for failure to pay filing fees); *Watson v. O'Brien*, No. 23-CV-8958 (S.D.N.Y. Mar. 1, 2024) (Swain, C.J.) (dismissed for failure to state a claim after Plaintiff failed to file an amended complaint to cure deficiencies in the original pleading); *Watson v. Sharpton*, No. 23-CV-9716 (S.D.N.Y. Feb. 29, 2024) (Swain, C.J.) (amended complaint dismissed for failure to state a claim on which relief may be granted).

In light of this litigation history, the Court warns Plaintiff that further frivolous, duplicative, or meritless litigation will result in the court issuing an order directing Plaintiff to show cause why he should not be barred from filing new civil actions IFP in this court without first obtaining permission from the court to do so.  *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to terminate all pending motions.

The Court warns Plaintiff that further frivolous, duplicative, or meritless litigation will result in the court issuing an order directing Plaintiff to show cause why he should not be barred from filing new civil actions IFP in the court without first obtaining permission from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   August 19, 2025
         New York, New York

                                              /s/ Kimba M. Wood
                                                  KIMBA M. WOOD
                                             United States District Judge